## BROWN v. BROWN.

[No. 25,411.   Filed December 13, 1933.]

*Ira Chase Koehne,* for appellant.

*Homer R. Miller,* for appellee.

HUGHES, J.—This is an appeal from a judgment of the Howard Circuit Court whereby the appellant was sentenced for contempt of court to the Indiana State

Farm for a period of 60 days. The alleged contempt is the failure to comply with a court order growing out of a divorce proceeding between appellant and appellee wherein the appellant was ordered to pay to the clerk of the court, a certain sum per week for the support of a child of appellant and appellee whose care and custody was given to appellee.

The appellant has set out ten assignments of error. The only one having any merit and properly assigned is the 4th which is that "the court erred in overruling appellant's motion for a new trial." Fourteen reasons for a new trial are assigned and the only ones with any merit are the 6th, 7th, 8th, and 9th, which state that the finding and decision of the court is contrary to law and that the finding and decision of the court is not sustained by sufficient evidence.

We have carefully reviewed the evidence in this case and we can not say that it does not support the finding of the lower court. There is some conflict in the evidence and the judgment will not be disturbed on the sufficiency of the evidence.

This proceeding is one for civil contempt against appellant for failure to pay support money. Civil contempt has been defined to be a violation of an order, or decree of a court made for the benefit of the opposing party. It is not an offense so much against the dignity of the court as against the party. *Denny* v. *State* (1932), 203 Ind. 682, 182 N. E. 313.

The imposition of a term of imprisonment or fine in a case of civil contempt is for the purpose of coercing the contempt defendant to comply with the order of the court. The distinction between the purposes of coercive measures in civil contempt and punitive measures in criminal contempt is pointed out in the case of *Gompers* v. *Buck's Stove and Range Co.* (1910), 221 U. S. 418, 34 L. R. A. (N. S.) 874. In this

case the court said: "Contempts are neither wholly civil nor altogether criminal. And 'it may not always be easy to classify a particular act as belonging to either one of these two classes. It may partake of the characteristics of both. . . .' It is not the fact of punishment, but rather its character and purpose, that often serve to distinguish between the two classes of cases. If it is for civil contempt the punishment is remedial and for the benefits of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court. It is true that punishment by imprisonment may be remedial as well as punitive, and many civil contempt proceedings have resulted not only in the imposition of a fine, payable to the complainant, but also in committing the defendant to prison. But imprisonment for civil contempt is ordered where the defendant has refused to do an affirmative act required by the provisions of an order which, either in form or substance, was mandatory in its character. Imprisonment in such cases is not inflicted as a punishment, but is intended to be remedial by coercing the defendant to do what he had refused to do. The decree in such cases is that the defendant stand committed unless and until he performs the affirmative act required by the court's order.

"For example: If a defendant should refuse to pay alimony, or to surrender property to be turned over to a receiver, or to make a conveyance required by a decree for a specific performance, he could be committed until he complied with the order. Unless these were special elements of contumacy, the refusal to pay or comply with the order is treated as being rather in resistance to the opposite party than in contempt of the court. The order for imprisonment in this class of cases, therefore, is not to vindicate the authority of the law, but is remedial and is intended to coerce the

defendant to do the thing required by the order for the benefit of the complainant. If imprisonment, as aptly said *In Re Nevitt,* 117 Fed. Rep. 451, 'he carries the keys of his prison in his own pocket.' He can end the sentence and discharge himself at any moment by doing what he had previously refused to do."

In the case of *Perry* v. *Pernet* (1905), 165 Ind. 67, 74 N. E. 609, the court said: "Contempts of court are 'classified as civil and criminal. To lay down a general rule by which in all cases these two classes may be distinguished is impracticable. It was said in *Phillips* v. *Welch* (1876), 11 Nev. 187, 'If the contempt consists in the refusal of a party to do something which he is ordered to do for the benefit, or advantage of the opposite party, the process is civil and he stands committed until he complies with the order. The order in such case is not punitive, but coercive. If on the other hand the contempt consists in the doing of a forbidden act injurious to the opposite party, the process is criminal and conviction is followed by a penalty of fine or imprisonment or both, which is purely punitive. In the former case the private party alone is interested in the enforcement of the order, and the moment he is satisfied, the imprisonment terminates; in the latter case the State alone is interested in the enforcement of the penalty.' " The court further said: "It has been held that when the imprisonment is inflicted as a punishment for the contempt, a definite term must be named. . . . But when the imprisonment is inflicted not as a punishment, but as a means to compel the party to do some act ordered by the court, the rule is otherwise."

In the instant case the court ordered the appellant to pay a certain sum of money per week to the clerk of the court for the support of his child. This he failed to do. For failure to comply with the order of the court he was held in contempt and

sentenced for a definite period of sixty days to the Indiana State Farm. It is clear that the punishment in the instant case, it being a civil contempt, should be remedial and for the benefit of the child and not punitive to vindicate the authority of the court. The purpose of the punishment being to coerce the defendant to do what he had failed or refused to do, the decree or judgment should have been that the defendant stand committed unless and until he complied with the order of the court as made or the further order thereof.

On the payment of the amount ordered to be paid, the defendant is entitled to be discharged. Where one has been imprisoned in a civil contempt proceeding for failure to comply with an order, such as in the instant case, and is able to show that he has not the actual ability to pay either because of poverty, sickness, or any other valid reason, then under such circumstances he is entitled to be discharged as to the present affidavit or citation. One cannot be kept indefinitely in prison for failure to pay support money if it can be shown that he has not the actual ability to pay. It has been held that such imprisonment would be unconstitutional as being "cruel and unusual punishment." *Politano* v. *Politano* (1933), 262 N. Y. Supp. 802.

The lower court is hereby ordered to modify its judgment in accordance with this opinion.

Judgment affirmed.