## MID-CONTINENT PETROLEUM CORPORATION ET AL.
### v. WEAVER.

[No. 15,348. Filed December 17, 1936.]

*McHale, Arthur & Myers,* for appellants.

*Russell J. Wildman,* for appellee.

WOOD, C. J.—Appellee brought suit against the appellants to recover damages, alleged to have been sustained by him, because of the alleged breach of a parol contract. The complaint was in one paragraph alleging facts which may be briefly summarized as follows: June 23, 1933, appellant Black, as agent for his co-appellant, Petroleum Corporation, contracted with the appellee to sell him the equipment, stock, merchandise and supplies located in a gasoline filling station a short

distance north of the city of Kokomo, Indiana, for the sum of $315, which amount was paid by appellee to appellants; that pursuant to the terms of said agreement, if appellee desires to cease the operation of said business, appellants would immediately check appellee out of said station and repay him the money which he had paid for said equipment, stock, merchandise and supplies; that on July 1, 1933, appellee made demand on appellants that they check him out of said filling station and repay him said sum of money; that appellants refused and neglected to check appellee out of said filling station until July 28, 1933, at which time appellants did check appellee out of said filling station and paid him for such goods and merchandise as he had on hand, but refused to pay the appellee the sum of $150 which he paid for equipment located in said filling station, pursuant to their agreement.

To this complaint each of the appellants filed an answer in general denial. On these issues the cause was tried to the court without a jury, resulting in a general finding and judgment in favor of the appellee. Appellants filed separate motions for a new trial, which were overruled, and they have each separately assigned such ruling in this court as the only error for reversal. Appellants have both based their right to a new trial upon the alleged causes, that the decision of the court is not sustained by sufficient evidence and is contrary to law, and they contend that evidence submitted by the appellee in support of the allegations contained in his complaint, discloses an entirely different set of facts and that the appellee has failed to discharge the burden resting upon him to prove his case.

Appellants then contend more specifically that the alleged promise of appellant, Black, to reimburse appellee in the sum of $150 paid by him to one Harry Johnson, a former operator of the filling station, for certain

equipment located in the station and owned by Johnson, in the event that the appellee discontinued the operation of the station, was without any consideration; that the alleged agreement of appellant Black to reimburse appellee for said sum of $150 was not within the scope of Black's authority as agent of his co-appellant, and is therefore not binding upon said Petroleum Corporation; that the evidence is not sufficient to support a judgment against both of the appellants; that the evidence does not show that the appellee was induced by the promise of Black that if the appellee purchased the equipment from Johnson, and thereafter wished to discontinue the operation of the filling station, appellants would reimburse appellee for the money paid to Johnson, to make said purchase.

It is only when there is no competent evidence at all to support the finding of the trial court, that this court will reverse a judgment based upon such a finding. Evidence is not considered in fragmentary parts, but all facts and circumstances disclosed by the evidence should be considered together. The probative force of all facts proved by the evidence, when so considered, is determinative of the result which should be reached by the court trying the cause. It is not required that the facts be proved by direct and positive evidence, but the court trying the cause may draw any reasonable inference therefrom, and if a fact may reasonably be inferred from the facts and circumstances which the evidence tends to establish, it is sufficient to sustain the decision of the lower court on appeal, and this court will consider only the evidence most favorable to appellee in determining its sufficiency to sustain the decision of the trial court. *Lincoln Nat. Life Ins. Co.* v. *Jensen* (1934), 99 Ind. App. 397, 189 N. E. 169 (transfer to the Supreme Court denied November 20, 1934). When the evidence is conflicting, the facts found by the

trial court will not be disturbed on appeal if there is any evidence to sustain such finding. *Public Savings, etc., Co.* v. *Greenwald* (1918), 69 Ind. App. 609, 118 N. E. 556; *Humphreys* v. *McAuley* (1933), 205 Ind. 469, 187 N. E. 262; *Brown* v. *Brown* (1933), 205 Ind. 664, 187 N. E. 836.

We have examined all the evidence in the record, and find that as related to many of the phases of the case it is conflicting, but we do not find a complete lack of evidence on any essential element of the cause to sustain the finding of the trial court. It follows therefore that said finding is sustained by sufficient evidence and is not contrary to law.

Judgment affirmed.

Dudine, J., concurs as to appellant, Clyde R. Black, and dissents as to appellant, Mid-Continent Petroleum Corporation.