STATE OF INDIANA *v.* SMITH ET UX.

[No. 29,390.   Filed June 28, 1957.]

*Edwin K. Steers*, Attorney General, *Richard G. Stewart* and *Frank Haupt*, Deputy Attorneys General,

and *Montgomery & Montgomery,* of Seymour, for appellant.

*Mellen & Mellen,* of Bedford, and *Branaman & Markel,* of Brownstown, for appellees.

BOBBITT, J.—Appellant filed in the Lawrence Circuit Court an action to acquire for highway purposes a strip of appellees' land, from 100 to 105 feet in width and 1,355 feet long, containing 3.185 acres, more or less.

Both parties filed exceptions to the award of the appraisers and the issues so raised were tried before a jury, on a change of venue to the Jackson Circuit Court. From a verdict awarding damages in the sum of $5,500, together with interest at 6% per annum from February 16, 1952, this appeal is prosecuted.

The sole error assigned is the overruling of appellant's motion for a new trial, and of the fourteen specifications or grounds therefor, Nos. 1, 2, 7 and 11 are waived because they are not discussed in the argument section of appellant's brief as required by Rule 2-17(e), 1954 Edition, of this court. *Gernhart* v. *State* (1954), 233 Ind. 470, 471, 120 N. E. 2d 265.

*First:* Specifications 4 and 5 allege error of the trial court in refusing to admit certain evidence offered by appellant. State's witness Olson was asked, "Well, now in your opinion, would any part of it have sale value for anything else other than farming?"

Appellees objected upon the ground that "the only time they could claim any benefits here would be when it would be a benefit different from other land that's along the highway."

The other State's witness Adamson was asked, "In your opinion does it have a market value for any other purpose other than farming?"; to which defendants

objected for the same reason, and the State thereupon made an offer to prove by these witnesses "that parts of this same farm along the new highway on either side, has a sale value in small tracts at a higher market value than it would have for sale as an entire farm."

Appellees assert that the benefits which appellant is attempting to show by the testimony of these witnesses are common to all the other owners whose lands are intersected by the relocation of the highway, and hence such benefits, if any, are general and not special.

The record discloses that the land here in question is about midway between the cities of Bedford and Mitchell, Indiana, on State Road No. 37, and that some "real estate" along this highway, south of appellees' farm, had already been sold at the time of the trial, and that at least three or four new homes were being built along the new highway.

The testimony which the State sought to produce from these witnesses, by the questions as set out hereinabove, pertained to "the damages, if any to the residue of the land of such owner or owners [appellees] to be caused by taking out the part sought to be appropriated." Acts 1935, ch. 76, §3, p. 228, being §3-1706 (Third), Burns' 1946 Replacement.

In estimating such damages, the benefits, if any, accruing to the residue, shall be deducted from the amount of damages allowed, if any; and the difference, if any, plus the damages allowed for the property actually appropriated, shall be the amount of the award, but in no case shall the total damages awarded be less than the damages allowed on account of the land and improvements actually appropriated.

Section 3-1706, *supra*.[1]

This brings us to the real question at issue: Assuming that appellees' residual land is benefited by the relocation of State Highway No. 37, because a certain part of it would have a higher market value for purposes other than farming, would such benefit be special to them or a general benefit which they sustain in common with the community or locality at large? If such benefit be special, then the trial court erred in excluding evidence pertaining to such benefits. However, if they are general, such evidence was properly excluded.

This court has adopted the definition of general and special benefits as set out in 2 Dillon Mun. Corp., 3d ed., §624, pp. 618, 619, as follows:

"I. *General or public*, being such as are not peculiar to the particular proprietor, part of whose property is taken, but those benefits in which he shares and those injuries which he sustains in common with the community or locality at large.

"II. *Special or local*, being those peculiar to the particular land-owner, part of whose property is appropriated, and which are not common to the community or locality at large, such, on the one hand, as rendering his adjoining lands more useful and convenient to him, or otherwise giving them a peculiar increase in value, and, on the other, rendering them less useful or convenient, or otherwise, in a peculiar way, diminishing their value. The former class of benefits or injuries—namely, those which are general, and not special—have, according to the almost uniform course of decision, no place in the inquiry of damages, and cannot be

---

1. The rule as announced in *State* v. *Brubeck* (1932), 204 Ind. 1, 170 N. E. 81; and *State* v. *Reid* (1933), 204 Ind. 631, 185 N. E. 449, 86 A. L. R. 1442, that §6 of the Eminent Domain Act excludes consideration of benefits in determining the amount of compensation to be paid for the taking of land for a State Highway was superseded by the 1935 amendment of the 1905 Act. Acts 1935, ch. 76, §3.

considered for the purpose of reducing the amount, being too indirect and contingent; but injuries which specially affect the proprietor, or benefits which are specially conferred upon his adjacent property, part of which is taken, are to be considered, . . . ." (Our italics.) *State* v. *Ahaus* (1945), 223 Ind. 629, 636, 637, 63 N. E. 2d 199.

In order that benefits may be set off against the damage to the land not taken, as provided in §3-1706, *supra,* such benefits, if any, must be special or local or such as result directly or peculiarly to the residue of the particular tract of land from which the appropriation is made. General benefits resulting to owners in common with the public or locality at large cannot be set off against damages to the residue of the land. *State* v. *Ahaus, supra;* Elliott, Roads and Streets, Vol. 1, 4th Ed., §277, p. 329.

"Benefits are special when they increase the value of the property, relieve it from a burden, or make it especially adapted to a purpose which enhances its value." *C. C. C. & St. L. Ry. Co. et al.* v. *Mumford et al.* (1935), 208 Ind. 655, 671, 197 N. E. 826.

It has also been held that special benefits are such as result from the mere construction of the improvement, and are peculiar to the land in question. *Los Angeles* v. *Marblehead Land Co.* (1928), 95 Cal. App. 602, 273 Pac. 131, 137.

The Supreme Court of Pennsylvania has referred to special damages as follows:

"The question, in each case, is whether or not the special facilities afforded by the improvement have advanced the market value of the property, beyond the mere general appreciation of property in the neighborhood." *P. B. & B. Ry. Co.* v. *McCloskey* (1885), 110 Pa. 436, 442, 1 Atl. 555, 556.

The Supreme Court of Massachusetts, in *Hall* v. *Commonwealth* (1920), 235 Mass. 1, 126 N. E. 49, 50, held that a new highway which afforded more convenient access to, and conferred a frontage on, a much better and more desirable road, conferred special benefits, and at page 50 of 126 N. E. said:

"It is settled that benefits of this character are direct and special even if all the estates in the vicinity abutting on the street are similarly benefited."

The Supreme Court of Nebraska has ably stated the general rule which we think applies with equal force to the case now before us.

"The term 'special benefits' implies benefits, such as are conferred specially upon private property by public improvement, as distinguished from such benefits as the general public is entitled to receive therefrom. In common with the general public, the owner of adjacent property is entitled to travel upon the improved highway; and although, by reason of the improvement, such travel may be rendered easier or more pleasant, yet the benefit is general, because it is enjoyed by the public in common with the owners of adjacent property. If the improvement should result in an increase in the value to adjacent property, which increase is enjoyed by other adjacent property owners, as to the property of each exclusively, the benefit is special; and it is none the less so because several adjacent lot-owners derive, in like manner, special benefits, each to his own individual property. Such fact, if it exists, in no respect decreases the increment in value enjoyed by any one of the adjacent property owners; and, by way of offset, such increment should therefore be treated as a special benefit, in favor of whomsoever it may arise." *Kirkendall* v. *City of Omaha* (1894), 39 Neb. 1, 57 N. W. 752, 754.

Lewis, Eminent Domain, 3d Ed., §702, p. 1213, defines special benefits as, ". . . such as affect the actual

use and enjoyment of property, and thereby render it more valuable in the market."

In Elliott, Roads and Streets, Vol. 1, 4th Ed., §279, p. 331, it is said:

"Although other persons upon the line of the highway may also be benefited by its opening, or by its being widened or otherwise improved, the benefit which the adjoining owner of one or more parcels of land receives from the opening of the highway is considered peculiar to him, and not one enjoyed by him in common with the general public."

We think this correctly states the general rule applicable to the situation here before us.

Under the general rule as announced and affirmed by the authorities above cited, we conclude that if the value of appellees' residual land is enhanced because the location of the new highway has made it desirable for purposes other than farming, such enhanced value is a special benefit to them, although other landowners along the highway may be similarly benefited; and, if this be true, the jury was entitled to consider such fact in determining the damages to be awarded appellees; and the trial court erred in sustaining the appellees' objections to the questions which, as shown by the offer to prove,[2] would have presented this issue to the jury.

*Second:* Specifications 6 and 9 allege error by the trial court in refusing to give appellant's tendered

2. Although the proof offered is not technically responsive to the questions which might have been answered by "Yes" or "No," the offer to prove states not only that which is offered in answer to the questions, but also subsequent questions for which a responsive answer would have opened the door, and on this theory the offer to prove will be considered as proper, although no question as to its propriety was raised by appellees. *Conner* v. *First Nat. Bank* (1948), 118 Ind. App. 173, 184, 76 N. E. 2d 262, 77 N. E. 2d 598.

Instructions No. 3 and No. 11, concerning the market value of the real estate involved after the appropriation by the State or because of benefits resulting to the residue. The court properly refused each of these instructions because under its ruling excluding evidence on this question, there is no evidence in the record as to what, if any, special benefits accrued to the residue of appellees' land by reason of the relocation of the highway herein. If the proffered evidence were in the record, a different question would be presented.

Since the issues presented by specifications 10, 12, 13 and 14 will probably arise on retrial, they will be considered notwithstanding the result which we have reached.

*Third:* Specifications 10 and 14 question the refusal of the trial court to give appellant's tendered Instruction No. 12 which stated, "that if you [the jury] find that it is practicable to build new fences along the new highway and you further find that such new fencing would have a value equal to the cost of the construction thereof, the defendants [appellees] would not be entitled to recover such cost as an element of damages in this cause."; and the overruling of appellant's objection to a question as to the cost of erecting fences along both sides of the new highway and providing for gates of access from one part of appellees' residual land to another.

In *State* v. *Trotter* (1938), 214 Ind. 68, 14 N. E. 2d 550, this court held that an instruction, which stated that in fixing the damage to the land the jury should not include as an element of damages any amount for the building of fences, was properly refused, and at page 72 of 214 Ind., it is said:

"The State is not required to build fences upon its right of way, and if, to continue operation, it was reasonably necessary to build fence, this would be a burden upon the land, which the jury was entitled to consider in determining how much the land was damaged."

In *Glendenning* v. *Stahley* (1910), 173 Ind. 674, 681, 682, 91 N. E. 234, it is said:

"When a part only of a tract of land is appropriated for a public highway, the proprietor is entitled to compensation for the injury sustained. The damage, if any, is the depreciation in the value of the farm through which the proposed road will pass, and this is measured by the difference between its market value as affected and as unaffected by the improvement, or before and after the appropriation. When the injuries exceed the special benefits, the damages consist of two general elements: (1) The value of the land appropriated, and (2) the diminished value per acre of the residue."

It is true, as appellant asserts, that in *Fifer* v. *Ritter* (1902), 159 Ind. 8, at page 12, 64 N. E. 463, this court said:

"We see nothing improper in an instruction as follows:
" 'If the new fences add to the value of the farm as much as it was worth to build them, then the plaintiff is not entitled to anything on this account.' "

We think this instruction was improper and we do not consider it authority for holding that the trial court erred in refusing to give a similar instruction in the case at bar.

It is apparent from the record herein that there would have been no occasion for appellees to build the fence here in question if the highway had not been

constructed in its present location, thereby bisecting their farm.

It is no doubt true that fencing along the right-of-way adjacent to appellees' land which was not appropriated will be a benefit to them, but the cost of such fences, under the circumstances in this case, is clearly a part of the damages accruing to appellees by reason of the appropriation of a strip of their land for highway purposes, and anything which the fencing might add to the value of the residuary land is not such a special benefit as may be said to accrue to appellees' land by reason of the relocation of the highway.

For the reasons above stated, the instruction was improper and the testimony as to the cost of the fencing was properly admitted. Hence, the trial court did not err in refusing to give appellant's Instruction No. 12 and in overruling appellant's objection to the testimony relating to the cost of the fencing.

*Fourth:* Specifications 12 and 13 allege that the trial court erred in instructing the jury to allow interest on the award at the rate of 6% from "the time the State of Indiana actually entered into possession of such land." This court has consistently held that such an instruction is proper in eminent domain proceedings. *State* v. *Stabb* (1948), 226 Ind. 319, 327, 79 N. E. 2d 392, and cases there cited, and no reason has been advanced by appellant sufficient to convince us that this rule should be modified or abrogated.

The allowance of interest on the amount of the damages awarded from the date of taking was as much a part of the damages to appellees as was the actual compensation for the land appropriated. These instructions were proper under the circumstances here, and the court did not err in giving them.

Because of the error of the trial court in excluding certain evidence herein discussed under *"First"* the judgment must be reversed.

Judgment reversed with instructions to sustain appellant's motion for a new trial.

Arterburn, C. J., Landis and Emmert, JJ., concur.
Achor, J., concurs in result.

NOTE.—Reported in 143 N. E. 2d 666.