SULLIVAN *v.* O'SULLIVAN

[No. 19,230. Filed November 23, 1959.]

*Paul C. Archibald*, of New Castle and *Wesley W. Ratliff, Jr.*, of Knightstown, for appellant.

*Franklyn George*, of New Castle, for appellee.

COOPER, J.—This is an appeal from a judgment of the Fayette Circuit Court of Fayette County, Indiana, against the appellant under §3-623, *et seq.*, Burns' 1946 Replacement, being the "Children Born Out of Wedlock" statute.

The issues were formed upon the verified complaint with the following allegations in substance: The plaintiff below was delivered with the child conceived out of wedlock; the defendant below is the father of the child; the said child has been acknowledged by said father and that he paid plaintiff below support for said child voluntarily and acknowledged he was the father of said child; that support had been paid for said child

within the period of one year prior to the filing of the petition and that he was failing and neglecting to contribute to further support of said child; that he be required to fulfill the obligations of a father, as required by law.

The appellant, defendant below, filed an answer in three paragraphs. Paragraph one he denied the material allegations contained in the plaintiff's complaint; paragraph two, he denied being the father of said child; paragraph three, he pleaded affirmative defense of statute of limitations in that the proceedings were not brought within two years after the birth of said child.

The cause was submitted to the court for trial and the court rendered the finding and judgment for the appellee. The appellant being adjudged the father of said child and being ordered to pay the sum of Seven ($7.00) Dollars per week for the support of said child. The appellant thereafter filed the proper motions, which were overruled, and this appeal followed.

The error of assignment for reversal advanced by the appellant in his argument is that the trial court erred in overruling appellant's motion for a new trial which averred that the decision is not sustained by sufficient evidence and is contrary to law.

It appears from the argument portion of the appellant's brief that he does not question the sufficiency of the evidence relative to the trial court's finding that the appellant was the father of the child involved herein as he has failed to discuss that question in the argument portion of his brief; therefore, that particular question is waived. See *State* v. *Smith et ux.* (1957), 237 Ind. 72, 143 N. E. 2d 666; *Stoner* v. *Howard Sober, Inc.* (1957), 127 Ind. App. 338, 141 N. E. 2d 458; *White* v. *State* (1958), 238 Ind. 498,

152 N. E. 2d 894. For additional authorities, see §2677, Comment 11, Flanagan, Wiltrout and Hamilton's Indiana Trial and Appellate Practice.

The remaining questions before us that are properly raised by the appellant are: "(a) The action was not brought within the period of time required by the statute"; (b) The appellant had not furnished support for said child within the accepted definitions of that term."

A review of the statutes applicable to this appeal reveals that the purpose of the act relating to children born out of wedlock is to provide proper legal procedures to enable such children to have the proper care, maintenance, education, protection, support and opportunities, the same as children born in wedlock, and to establish the necessary legal procedure to enforce such rights and privileges for such children. See §3-623, *supra*. Thus, it is apparent that any action brought under the "children born out of wedlock" act is solely for the benefit of such children. Secs. 3-628 and 3-647, Burns' 1946 Replacement, provide:

"3-628. Obligations of father—When deemed fulfilled—Effect of adoption.—The obligation of the father to the child shall be fulfilled by compliance with the judgment of the court establishing the paternity of a child and making provisions for its support, *or by compliance with a compromise agreement entered into by him in which he agrees to make adequate provision for the support of the child.* The legal adoption of the child into another family discharges all obligations of the father for maintenance and support subsequent to the adoption. (Acts 1941, ch. 112, §6, p. 301.)" (Our emphasis.)

"3-647. Limitation of action to enforce obligation of father—Exceptions.—Proceedings to enforce the obligation of the father shall not be brought after the lapse of more than two (2) years from the birth of the child, unless paternity has

been established by a judgment of a court of competent jurisdiction, or has been acknowledged by the father in writing *or unless support has been furnished by the alleged father, or by some person on his behalf, either voluntarily or pursuant to an agreement with the mother or some person on her behalf or on behalf of the child. If the paternity has been so established, or if support has been so furnished, the action may be brought at any time within two (2) years after the acknowledgment or the last furnishing of support to the child. . . ."* (Our emphasis.)

It affirmatively appears from the foregoing sections of the statutes relating to children born out of wedlock, that the alleged father of such child can fulfill the obligation of support of such child by complying with a compromised agreement made with the mother wherein he agrees to make adequate provision for the support of the child without court proceedings.

It also appears that an action to enforce the obligations of a father must be brought within two years from the birth of such a child, with certain exceptions: one being, if support has been furnished by the alleged father or some one on his behalf, either voluntarily or pursuant to an agreement with the mother or some person on her behalf or on behalf of the child. From the pleadings in the record before us, it appears that the foregoing is the exact situation that the appellee charged and averred in her petition in the trial court.

The record reflects that the appellant herein, by his third paragraph of answer, affirmatively pleaded the two-year statute of limitations. In the matter now before us, it is apparent from the record that the appellant offered no evidence whatsoever on his behalf. It is the general rule of law that the party

pleading the statute of limitations has the burden of proving that the cause of action accrued more than the statutory time before the commencement of the action. *Matovina et al.* v. *Hult* (1955), 125 Ind. App. 236, 123 N. E. 2d 893. It is also true that the party who relies on facts in avoidance of a statute of limitations has the burden of proving such facts. See *Hinds, Executor, Etc.* v. *McNair, et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553. It is apparent that the trial court in weighing the following evidence arrived at the decision that the appellee had sustained the burden of proving that the appellant had furnished support to said child within a period of two years prior to the time this action was brought.

A very concise statement of the undisputed evidence in the record before us reveals that the appellee was delivered with child on April 1, 1950, at Richmond, Indiana, and that the appellant was the father of the child; that the appellant paid the hospital bills and also paid a portion of the pre-natal expenses and the post-natal expenses for the child, including the clothing; that appellant paid all of the expenses of the appellee and the child involved herein from April to June, 1950; that thereafter, the appellant made regular visits to see the appellee and the child. The appellee moved to Winchester and Muncie, Indiana, and, while the appellee resided in said localities, the appellant visited the appellee and the child, and at different and diverse times, gave funds in different amounts to the appellee which were used for the support and maintenance of said child; that during many of the visits the appellant told the appellee that he would provide more money for the support of the child when he could; that he called the child "son," and, at one time, cared for the child, who was ill, so the appellee could continue with her employ-

ment; that this arrangement continued until on the 23rd day of August, 1955, when the appellant herein wanted to make a lump-sum settlement with the appellee for the child's support and maintenance; that the appellant at no time objected to paying support for said child; that on October 10, 1955, the appellee filed the petition to establish the paternity and for the support of the child; that the appellant gave appellee Four ($4.00) Dollars to Four ($4.50) Dollars and Fifty Cents on January 22, 1955, and that same was used to pay day-nursery charges.

In view of the undisputed and uncontradicted evidence, as aforesaid, the trial court could have reasonbly inferred that support had been furnished by the alleged father pursuant to an agreement with the mother in such amount as was within the ability of the alleged father to pay at the respective time the payments were made, and that his actions in providing such support, coupled with his desire to make a lump-sum settlement, together with calling upon the mother and the child frequently over a long period of time, promising future support when he obtained money, refraining from denying parenthood, would satisfy the statute as to authorize the mother to furnish the necessary food and clothing of said child for and on behalf of the alleged father, and the court could have reasonably inferred that she could have relied upon the forthcoming promise of additional support for said child, and, by reason thereof, had failed to institute the necessary steps to enforce legal recognition of said child and an order for the support of its maintenance until August, 1955. Likewise, the undisputed evidence affirmatively shows that this proceeding was brought within two years after the last furnishing of support to the child.

Under such circumstances, it was the duty of the trial court to apply the law to the undisputed facts.

The general rule of law is that where "there is no sharp conflict in any of the evidence; and, under the pleadings and evidence adduced, it becomes the duty of this court to acquaint itself with the facts and apply the law thereto, and, if the facts and law will justify, affirm the decision of the lower court; if not, reverse it." *Southern Surety Co.* v. *State, ex rel.* (1920), 74 Ind. App. 31, 128 N. E. 622.

Our Supreme Court held in the case of *Winn* v. *State* (1953), 232 Ind. 70, 72, 111 N. E. 2d 653, that: " 'Upon review of the evidence we do not weigh conflicting evidence nor determine the credibility of witnesses, but uncontradicted statements of fact in behalf of the petitioners will be taken as true.' " (Citing eight decisions). Also, " 'Upon the undisputed facts it becomes our duty to apply the law to the facts.' "

The appellant earnestly insists that the meager amount of monies furnished in support of the child was not in the accepted definitions of that term, and, therefore, the appellee failed to discharge the burden which rested upon her to show by a preponderance of the evidence that the appellant, or some person on his behalf, either voluntarily or pursuant to an agreement with the mother, or some person on her behalf, or on behalf of the child, furnished support within two years of the bringing of this action.

The phrase, "or by compliance with a compromise agreement entered into by him in which he agrees to make *adequate* provisions for the support of the child," (our emphasis) does not call for a definite amount of support, and, of course, the word "adequate" within the meaning of the foregoing statute,

must necessarily depend in each case upon the facts and circumstances surrounding each particular case, considered against the background of the purposes of the legislation, the object at which it aims, together with the amount of sums the alleged father has the ability to pay.

In this connection, it must be remembered that the trial court had a better opportunity for weighing the evidence and for reaching a proper conclusion than we can have with only the cold record before us. It saw the parties and the witnesses face to face and heard them testify; it observed their manner and their demeanor while on the witness stand, and, therefore, was better able to determine whether the appellee had sustained the burden of showing that she came within one of the exceptions, as defined in §3-647, Burns', *supra.* *Brown* v. *Beachler* (1946), 224 Ind. 477, 68 N. E. 2d 915; *Combs* v. *Gilley* (1941), 219 Ind. 139, 36 N. E. 2d 776; *Duckworth* v. *Duckworth* (1932), 203 Ind. 276, 179 N. E. 773.

The appellee's uncontradicted testimony is sufficient to support the findings of the court. The trial court must have believed her testimony, and, as we have no right to weigh the evidence, or to substitute our judgment for that of the trial court, we cannot say, as a matter of law, that the appellee failed to discharge her burden of proving she came within one of the exceptions as stated in §3-647, Burns', *supra,* or that she failed to bring her action within two years after the last payment of support was made.

" 'It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary

to law.' *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669." *Hinds, Executor, Etc.* v. *McNair, et al., supra.*

Judgment affirmed.

Myers, Chief Justice; Ax, J.; Ryan, J., concur.

NOTE.—Reported in 162 N. E. 2d 315.