STATE OF INDIANA *v.* ROBERT ZEHNER AND DORIS SCHAEFER, CO-ADMINISTRATORS OF THE ESTATE OF EARL ZEHNER

[No. 3-276A40. Filed December 12, 1977.]

*Theodore L. Sendak*, Attorney General, *Darrel K. Diamond*, Assistant Attorney General, for appellant.

*Kenneth H. Lukenbill, Jr., George F. Stevens, Stevens, Wampler, Travis & Fortin*, of Plymouth, for appellees.

STATON, P.J.— The State of Indiana condemned certain land of Earl Zehner[1] for use in conjunction with the building of a four-lane highway. Zehner was compensated for the land; the amount of compensation was determined by a jury to be $8500 plus interest. The State appeals[2] on the amount of compensation and argues that the trial court incorrectly granted Zehner's Motion in Limine which was addressed to evidence of benefits which accrued to Zehner's residual property. We find no error in the proceedings below. The judgment is affirmed.

### Special Benefits

A corner and side strip of Zehner's property was taken in the condemnation. Zehner suffered additional damage to his residual property: trees were removed; access to the barn was diminished; Zehner and his neighbors had to dig a large hole or sump to hold the water which was draining from the new highway. Zehner also presented evidence of the inconvenience and hardship he had suffered during construction of the highway: dust was great; he had had to sell his horses due to the location of the construction in relation to the barn and pasture. The State argues on appeal that Zehner may have had loss occasioned by the condemnation, but Zehner also reaped special benefits from the highway construction because he sold fill dirt from his residual property. Zehner had filed, and the court had granted, a Motion in Limine which prevented the State from inquiring into the selling of this fill dirt from the residual property.

IC 1971, 32-11-1-6, Ind.Ann.Stat. § 3-1706 (Burns Code Ed.) provides that "In case the land [condemnation] . . . confers benefits on any land of the owner," such benefits should be considered and used as a set off against any damages to such residual land. Part of the problem before this Court is a determination of whether the use of Zehner's pro-

---

1. Zehner is succeeded in this action by Robert Zehner and Doris Schaefer, Co-Administrators of the Estate of Earl Zehner.

2. Zehner argues that the State is precluded from making this appeal because the State paid the judgment and the question is now moot. We do not believe that the State's willingness to comply with the trial court's judgment should be rewarded by such preclusion. We will address the merits.

perty to provide fill dirt for the ongoing construction was a benefit which should have been considered by the jury in assessing damages.

> Case law has interpreted IC 1971, 32-11-1-6, Ind.Ann.Stat. § 3-1706 (Burns Code Ed.) to refer to a special benefit.

"In order that benefits may be set off against the damage to the land not taken, . . . such benefits, if any, must be special or local or such as result directly or peculiarly to the residue of the particular tract of land from which the appropriation is made. General benefits resulting to owners in common with the public or locality at large cannot be set off against damages to the residue of the land. . . ." *State v. Smith* (1957), 237 Ind. 72, 77, 143 N.E.2d 666, 669.

In *Gradison v. State* (1973), 260 Ind. 688, 696, 300 N.E.2d 67, 74, the Indiana Supreme Court determined that

"Whether or not the benefits are held to be 'special' or 'general' then, to a large extent must be determined by the circumstances of each case. This liberalized view is entirely consistent with the equities, for the theory supporting damages in eminent domain is that a landowner is entitled to *just compensation*—not to a windfall at the expense of the public. . . ." (Original emphasis.)

Zehner's sale of fill dirt to the contractors who were building the highway was not necessarily unique. Moreover, at the date the condemned land was taken, Zehner had no substantial expectation that the residual property could in any way profit; Zehner had no agreement with the contractors that they should buy fill dirt from him rather than from any other interested seller. The statute is clear that the compensation owed the landowner (damages less benefits) is to be assessed according to actual value as of the date of the service of the notice of condemnation. IC 1971, 32-11-1-6, Ind.Ann.Stat. § 3-1706 (Burns Code Ed.); IC 1971, 32-11-1-3, Ind.Ann.Stat. § 3-1703 (Burns Code Ed.).

Therefore, we conclude that evidence of Zehner's sale of fill dirt to the contractors would not have been evidence showing a special benefit to Zehner. The Motion in Limine was properly granted for the purpose of excluding irrelevant evidence.

Finding no error below, we affirm.

Hoffman, J. and Lowdermilk, J. (by designation), concur.

NOTE—Reported at 369 N.E.2d 1103.