436 N.E.2d 871 (1982)
O.S., Plaintiff-Appellant,
v.
J.M., Defendant-Appellee.
No. 3-481A103.
Court of Appeals of Indiana, Third District.
June 24, 1982.
Rehearing Denied August 18, 1982.
Thomas R. Bullard, Cohen, Cohen & Bullard, East Chicago, for plaintiff-appellant.
Arthur A. Daronatsy, Gary, for defendant-appellee.
GARRARD, Judge.
The appellant, O.S., brought a paternity suit against the appellee, J.M. On February 1, 1979 the trial court found J.M. to be the father of O.S.'s child. J.M. pursued an appeal.
In April 1980, while the appeal was pending, O.S. filed in the trial court a motion for attorney fees. She requested that J.M. be ordered to pay the attorney fees which she had incurred in defending against J.M.'s appeal.
In June 1980, we affirmed the trial court's decision in which J.M. had been adjudged the father of O.S.'s child.
On August 8, 1980 the trial court held a hearing on the motion for attorney fees which O.S. had filed in April 1980. The trial court denied O.S.'s motion, stating:
"This cause is submitted to Court for hearing and the Court having heard evidence and examine[d] statutory authority for granting of Attorney's fees (I.C. XX-X-X-XX); further researches case law cited, State vs. Davies, Circuit, Indiana 1962 [243 Ind. 376], 185 N.E.2d 621, the Court finds that there [are] no statutory guidelines to allow attorney's fees to defend an appeal in Paternity Actions. In addition, the case law cited pertain[s] to divorce actions rather than paternity actions.
The Court distinguishes the discretionary nature of the trial court to award attorney's fees in a divorce action to perfect an appeal and the statutory authority to award attorney's fees in paternity actions (see DeLong vs. DeLong, Indiana [161 Ind. App. 275], 1974, 315 N.E.2d 412 and I.C. XX-X-X-XX). There being no precedent established in appeal of a paternity *872 action, the Court denies petition for attorney's fees."
O.S. filed a motion to correct errors, and from a denial of that motion she now appeals.
We consolidate O.S.'s issues into one: Whether the trial court erred in finding that it did not have authority in a paternity action to award to a mother the attorney fees incurred in defending an adjudication of paternity against an appeal brought by the father.
J.M. was adjudicated to be the father of O.S.'s child in a paternity action tried before the court on February 1, 1979. IC XX-X-X-XX then provided in relevant part that:
"The judgment shall establish the paternity of the child and may also provide for the payment by the father of said child of the necessary expenses incurred by, or on behalf of, the mother, in the course of the pregnancy, birth of the child, and prosecution of an action to establish paternity of said child including court costs and reasonable attorneys' fees under such terms and conditions as the court may prescribe, except that no such attorney fee shall be paid to any duly elected prosecuting attorney or his deputy who may represent such mother in any such proceeding."
Under this statute the trial court had the discretion to "provide for the payment by the father of said child of the necessary expenses incurred by, or on behalf of, the mother, in the course of the ... prosecution of an action to establish paternity of said child... ." Clearly under IC XX-X-X-XX the attorney fees incurred by the mother in obtaining an adjudication of paternity could be assessed against the father. Roe v. Doe (1972), 154 Ind. App. 203, 289 N.E.2d 528.
However, whether this statute authorized an award to the mother for her attorney fees incurred in defending an appeal from an adjudication of paternity has not been determined by our courts.
J.M. contends the statute, in providing for the payment of attorney fees incurred "in prosecution of an action to establish paternity ... ." excluded any awards for attorney fees incurred in defending an appeal. Thus J.M. asserts that the "prosecution of an action" pertains only to those processes leading up to and culminating in an adjudication at the trial court level.
We do not believe that the phrase "prosecution of an action" should be so narrowly construed. Black's Law Dictionary 1385 (4th ed. Rev. 1968) defines "prosecute" as:
"PROSECUTE. To follow up; to carry on an action or other judicial proceeding; to proceed against a person criminally. To `prosecute' an action is not merely to commence it, but includes following it to an ultimate conclusion." (emphasis added)
We believe that within the context of IC XX-X-X-XX, "prosecuting an action" includes defending a judgment obtained through the appellate process. The adjudicated father may appeal as a matter of right. An appellee who does not respond to the appellant's allegations of error on appeal runs a considerable risk of reversal. Where an appellee has not filed a brief on appeal, the appellant's brief need only demonstrate prima facie reversible error in order to justify a reversal. Vetor v. Shockey (1980), Ind. App., 414 N.E.2d 575. In order to fully "prosecute" a paternity action, the mother must safeguard an adjudication of paternity by appropriately responding to a father's allegations of error on appeal. Thus we believe that IC XX-X-X-XX invested in the trial court the discretion to require the adjudicated father to pay for the reasonable attorney fees incurred on appeal by the mother, should the particular facts so warrant.
As we noted earlier, IC XX-X-X-XX was the controlling statute when in February of 1979 the trial court found J.M. to be the father of the child. IC XX-X-X-XX, however, was repealed as of October 1, 1979 by Acts 1978, P.L. 136, § 57. IC 31-6-6.1-18, the current statute effective as of October 1, 1979 by Acts 1979, P.L. 277, § 1, provides:

*873 "The court may tax as costs the reasonable expenses of any medical tests authorized under section 8 of this chapter, and the reasonable attorney's fees incurred in maintaining any proceeding under this chapter." (emphasis added)
IC 31-6-6.1-18 was the apparently applicable statute when the hearing on the motion for attorney fees was held. We find it unnecessary to determine which form of the statute should apply to the instant proceeding because we agree with O.S. that the present version also permits the award of reasonable attorney fees incurred in defending against an appeal. We believe that "maintaining any proceeding" includes the steps taken to preserve a judgment rendered in the trial court, such as responding to the appellant's allegations of error on appeal. Thus, an award of attorney fees incurred on appeal is within the discretion of the trial court under this statute also. Accordingly, under either statute the trial court was invested with the discretion to award to O.S. reasonable attorney fees which she incurred in defending the appeal. Accord, Templeton v. Sam Klain & Son, Inc. (1981), Ind., 425 N.E.2d 89.
This interpretation of these statutes is consistent with the intent and purposes of the law providing for paternity suits.
The purpose of such statutes is to promote the welfare of the child. In reviewing a predecessor statute to those discussed above, we stated in Sullivan v. O'Sullivan (1959), 130 Ind. App. 142, 162 N.E.2d 315, 317 that:
"... [T]he purpose of the act relating to children born out of wedlock is to provide proper legal procedures to enable such children to have the proper care, maintenance, education, protection, support and opportunities, the same as children born in wedlock, and to establish the necessary legal procedure to enforce such rights and privileges for such children. See § 3-623, supra. Thus, it is apparent that any action brought under the `children born out of wedlock' act is solely for the benefit of such children."
Thus, the welfare of the child is paramount in a paternity action and the interests of the child should not be solely dependent upon the mother's ability or inability to defend a paternity judgment from an appeal instigated by the father. The resources of the putative father should also be open to consideration by the trial court and if the facts warrant, the trial court should be empowered to assess the costs of defending an appeal in an equitable manner according to the circumstances of the parties. As in this case, because the father was unsuccessful on appeal and because the mother had to incur attorney fees to defend against the appeal, we find that it would not have been contrary to law for the trial court to have ordered the father to pay the costs of appeal if the facts so warranted.
We hold that the statutes give the trial court in a paternity action the discretion to apportion legal fees, incurred at trial and upon appeal, between the parties in a fair and equitable manner.
Thus we reverse and remand to the trial court for proceedings consistent with this opinion.
HOFFMAN, P.J., concurs.
STATON, J., concurs in result and files separate opinion.
STATON, Judge, concurring in result.
I concur in result with the majority as its opinion relates to the repealed statute, IC XX-X-X-XX. The "prosecution of an action to establish paternity of a child" may well include the necessary expenses incurred when the judgment is later appealed. However, "reasonable attorney's fees incurred in maintaining any proceeding under this chapter." is an entirely different matter, and one that this Court has not been called upon to make. The interpretation of IC 31-6-6.1-18 is not in issue or before this Court for interpretation. Therefore, I refuse to extend the opinion of this Court to include statutes not in issue or before this Court on appeal.