Glenn Thomas ALLEE, Jr.,
Respondent-Appellant,

v.

STATE of Indiana, Petitioner-Appellee.

No. 1–1083A334.

Court of Appeals of Indiana,
First District.

April 26, 1984.

Rehearing Denied May 31, 1984.

Kenneth J. Falk, Michael R. Milsap, Legal Services Organization of Indiana, Inc., Indianapolis, for respondent-appellant.

Lois A. Holiday, Deputy Prosecutor, Franklin, for petitioner-appellee.

ROBERTSON, Judge.

Glenn Thomas Allee, Jr. (Allee) appeals an order from the Johnson Circuit Court holding him in contempt for non-payment of blood test costs assessed against him in a paternity judgment.

We affirm.

On March 18, 1982, Allee was adjudicated to be the biological father. The trial court ordered Allee to reimburse the Indiana State Department of Public Welfare (Welfare Department) for the cost of blood tests taken during the course of the proceedings totaling $935.00. He was to pay the sum in monthly installments of $30.00 each. When Allee failed to make his payments, the State began contempt proceedings.

On appeal, Allee argues the trial court erred in denying his motion to dismiss this contempt proceeding. Allee contends he cannot be held in contempt of court for non-payment because the costs of the blood tests were in the nature of a debt. Article I § 22 of the Indiana Constitution states that "there shall be no imprisonment for debt". Consequently, any attempt to enforce a money judgment through imprisonment for contempt would be in violation of this Constitutional provision.

■ The $935.00 was assessed against Allee pursuant to IND.CODE § 31–6–6.1–18 which states that "the court may tax as costs the reasonable expenses of any medical tests authorized under section 8 of this chapter ..." Indiana law is clear in that money judgments are generally enforced by execution. *Marsh v. Marsh,* (1904) 162 Ind. 210, 70 N.E. 154; *Bahre v. Bahre,* (1967) 248 Ind. 656, 230 N.E.2d 411. Various other collateral and auxiliary remedies are available for the enforcement of money judgments, but contempt of court is not one of these. *Id.* The question here is whether the $935.00 assessed against Allee is a debt within the meaning of Article I § 22. Indiana courts have not previously dealt with this specific question regarding blood work costs. However, in applying Article I § 22 to the use of a court's contempt power for enforcement of money judgments, much case law has developed which will be useful in analyzing this case.

Most jurisdictions have statutes providing for judicial proceedings to establish the paternity of an illegitimate child and to compel the father to contribute to its support. There is wide diversity of opinion as to the exact nature of these proceedings. Some jurisdictions view them as civil in nature while others view them as criminal. 7 Am.Jur. *Bastards,* p. 680, § 81. It seems clear that in jurisdictions viewing the proceedings as criminal, the judgment rendered is not considered a debt. 118 A.L.R. 1109, 1111. However, in jurisdictions

where it is looked upon as a civil proceeding, the outcome is not as clear.

*Byers v. State,* (1863) 20 Ind. 47, was an action brought on a bond executed in a bastardy case to save the defendant from imprisonment. The court held that a bastardy proceeding simply imposed a civil obligation creating a debt. Thus, imprisonment was unlawful. However, this case was expressly overruled by *Lower v. Wallick,* (1865) 25 Ind. 68. In *Lower,* the court decided that imprisonment was abolished only for debts created by contract as opposed to all civil actions. The court went on to state that the liability under the Bastardy Act was not founded in contract. Rather, the obligation of a father to maintain his child is founded in nature. This same reasoning was followed in subsequent Indiana cases. *Ex parte Teague* (1872) 41 Ind. 278; *Turner v. Wilson,* (1875) 49 Ind. 581; *McIlvain v. The State, ex rel. Emery,* (1882) 87 Ind. 602.

The more recent Indiana case of *Libertowski v. Hojara,* (1967) 141 Ind.App. 439, 228 N.E.2d 422 dealt with this same issue as it applied to the Children Born Out of Wedlock statute in effect at that time. The court found this statute, which permitted a sentence of not more than one year in jail on failure to post a security was not unconstitutional as authorizing imprisonment for debt. The court accepted the reasoning of *Lower, supra,* and expressly stated:

> "Where a decision such as *Lower* establishes a rule of statutory construction consistent with Constitutional provisions, our courts will depart from it with extreme reluctance; they will indeed tenaciously adhere to it, unless driven from it by the highest and strongest considerations of justice".

Another portion of the statute was also attacked in *Libertowski.* This provision gave the court power to adjudge the father in contempt when default is made under the terms of the original judgment. The provision was examined and also found to be valid and enforceable.

In support of his argument, Allee cites us to several cases involving money judgments. Two of those cases, *State ex rel. Pritam Singh Shaunk v. Endsley,* (1977) 266 Ind. 267, 362 N.E.2d 153 and *Neal v. Neal,* (1980) Ind.App., 412 N.E.2d 319, held that contempt proceedings may not be used to enforce collection of an alimony judgment. In *Bahre v. Bahre, supra,* it was held that an award of attorney fees in a dissolution proceeding could also not be enforced by use of the court's contempt power.

■ One money judgment that may be enforced by contempt is that of child support. IND.CODE 31–1–11.5–17(a). The remedy of contempt is available for the benefit of the child and not for the protection of the person having custody. *See, Brown v. Brown,* (1933) 205 Ind. 664, 187 N.E. 836; *Corbridge v. Corbridge,* (1952) 102 N.E.2d 764. Our courts have held that in determining questions of support, the child must receive first consideration. *State ex rel. Summa v. Starke Circuit Court,* (1958) 238 Ind. 204, 149 N.E.2d 541; *Sullivan v. O'Sullivan,* (1959) 130 Ind. App. 142, 162 N.E.2d 315.

■ Paternity gives rise to the duty of a father to support his illegitimate child and our statutes simply provide a mechanism for judicial recognition and enforcement of this obligation. *Goins v. Lott,* (1982) Ind. App., 435 N.E.2d 1002. Just as child support actions are solely for the benefit of the child, so are paternity actions for the protection and welfare of the child. *Matter of M.D.H.,* (1982) Ind.App., 437 N.E.2d 119; *O.S. v. J.M.,* (1982) Ind.App., 436 N.E.2d 871. Although the primary purpose of a paternity action is to secure support and education for the illegitimate child, a subsidiary goal is to protect the public interest by preventing the child from becoming a ward of the state.

■ We believe that the analogy between an action for child support and an action for paternity is sufficient to warrant use of the trial court's contempt power to coerce payment of the blood test costs in this paternity action. The primary objective of a civil contempt proceeding is to coerce action rather than punish. *Duemling v. Fort Wayne Community Concerts,*

*Inc.,* (1963) 243 Ind. 521, 188 N.E.2d 274. It is for the benefit of the party who has been injured or damaged by failure of another to conform to a court order issued for the benefit of the aggrieved party, who in this case is the child. Although paternity actions are viewed as civil proceedings in this state, the money judgment rendered against Allee is not considered a debt within the meaning of Article I § 22. Consequently, it may be enforced through the trial court's contempt power.

Judgment affirmed.

NEAL, P.J., concurs.

RATLIFF, J., concurs in result with separate opinion.

RATLIFF, Judge, concurring.

I concur in the result reached in this case. However, I take exception to some of the language in the majority opinion. This is not a case of using the contempt powers of the court to enforce collection of a money judgment. No money judgment was entered against Allee. Rather, he was ordered to reimburse the Welfare Department for the costs of certain blood tests, an order which the court was authorized by statute to enter. The contempt proceedings were instituted to enforce compliance with the court order which is a legitimate exercise of the contempt power.