## MARSH v. MARSH.

[No. 20,256.    Filed February 19, 1904.]

DIVORCE.—*Indefinite Order for Payment of Alimony.*—In a suit for divorce, an order directing the defendant to pay into the office of the clerk of the court for the use of the plaintiff the sum of $4 per week until further order of the court does not conform to the statute, §1059 Burns 1901.. *pp. 211, 212.*

SAME.—*Judgment for Alimony.*—*Contempt.*—A judgment for alimony is not enforceable by contempt proceedings. *p. 212.*

From Wells Circuit Court; *E. C. Vaughn,* Judge.

Contempt proceeding by Bessie Marsh against Fred Marsh. From a judgment dismissing the proceeding, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*Levi Mock, John Mock* and *George Mock,* for appellant.
*J. S. Dailey, Abram Simmons* and *F. C. Dailey,* for appellee.

GILLETT, C. J.—In connection with a decree of divorce, rendered in favor of appellant against appellee, it was ordered that appellee pay into the office of the clerk of said county, for the support of appellant, the sum of $4 each week from March 1, 1902, until the further order of court. September 9, 1902, on the application of appellant, appellee was cited for contempt for a failure to obey said order. On his motion the court struck out said application.

Section 1059 Burns 1901 provides: "The decree for alimony to the wife shall be for a sum in gross, and not for annual payments; but the court, in its discretion, may give a reasonable time for the payment thereof, by instalments, on sufficient surety being given."

In *Miller* v. *Clark,* 23 Ind. 370, there is pointed out the fact of the reversal of the legislative policy in substituting for divorce *a mensa et thoro,* with its incidental provision for the maintenance of the wife during the separation, a provision for an absolute divorce *a vinculo matrimonii,* and the payment of a fixed sum to the wife, in bar of any future claim for her support. "The allowance so authorized," said the court in the above case, "is named alimony in the statute; but it is not the alimony of the common law, the right to which ceased to exist or reverted to the husband on the death of the wife, resulting from the fact that the marriage relation continued to exist until her death. But it is alimony under, and the creature of, the statute, given upon an equitable settlement between the parties upon the dissolution of the marriage, and of all the relations of husband and wife theretofore existing between them."

In providing that that portion of the decree in divorce cases relative to the provisions for the wife shall not be for annual payments, it was evidently the purpose of the legislature to prohibit all indefinite allowances for her support, and to require the court to confine its allowance to her to a fixed sum, on the theory that thenceforth the parties were to be strangers to each other. It is clear that the order in question does not conform to the statute, but we are not called upon to determine whether the order is void or only voidable. It is sufficient to dispose of this case to hold, as we are required to, that the order can not be enforced by means of a proceeding for contempt. The allowance which the statute contemplates may be made to the wife on the rendition of a decree of divorce is to all intents and purposes a judgment, which may be collected on execution. *Musselman* v. *Musselman,* 44 Ind. 106. It has been held that suit may be maintained on such an allowance *(Hansford* v. *Van Auken,* 79 Ind. 302), and that it is a proper claim to file in an attachment proceeding. *Farr* v. *Buckner,* 32 Ind. 382.

If the order in question is only voidable, we deem it clear, nevertheless, that the departure from the statute did not invest the trial court with any power to enforce its order by a method not authorized for the enforcement of what may be termed "statutory alimony."

The fact that the alimony contemplated by statute is in the nature of an ordinary judgment, which may be enforced by execution, creates a strong implication against the existence of the prior and more drastic remedy of contempt, and this implication is strengthened by the express provision concerning the enforcement of certain interlocutory orders in such cases by attachment, and by the granting of a like remedy to enforce the allowance for the reasonable expenses of the wife in prosecuting or defending the action, when the divorce is granted the wife or refused on the application of the husband.

The action of the Wells Circuit Court in dismissing the contempt proceeding against appellee was proper.    Judgment affirmed.