BAHRE *v.* BAHRE.

[No. 30,750.  Filed October 24, 1967.]

*Harry M. Stitle, Jr.,* and *Albert W. Ewbank,* both of Indianapolis, for appellant.

*Sidney A. Horn, Paul Rochford, John J. Rochford, Paul E. Blackwell* and *Frank W. Morton,* all of Indianapolis, and *Ivan Pogue,* of Franklin, all for appellee.

JACKSON, J.—This is an appeal from a finding and judgment adjudging appellant to be in contempt for failure to pay attorney fees pursuant to orders previously made by the court.

The judgment appealed from, omitting formal parts thereof, reads as follows, to-wit:

"Comes now the Hon. Harold G. Barger, Special Judge in this cause, having heretofore on the 10th day of January, 1963, ordered the defendant, herein, George Bahre, to pay to the Clerk of this Court attorney's fees and expenses for counsel for the plaintiff herein for appeal of this cause to the Appellate Court of the State of Indiana to Sidney Horn, attorney for Plaintiff the sum of $3,125.00 plus expenses laid out by said Sidney Horn in the perfection of the appeal of this cause to the Appellate Court of the State of Indiana the sum of $3,200.00, totaling the sum of $6,325.00 payable to said Sidney Horn; Attorney's fee on appeal of this

cause to John Rochford in the sum of $2,750.00. To Paul Blackwell, attorney's fees on appeal in this cause in the sum of $750.00. To Frank Morton, attorney's fee on appeal in this cause in the sum of $7500.00 plus expenses of said Frank Morton on said appeal in the sum of $78.50, Said attorney's fees and expenses ordered paid to said attorneys in the total sum of $17,403.50. Said attorney's fees and expenses to be paid on or before February 1st, 1963, and said defendant herein, George Bahre, having failed and refused to comply with the order of this court the Court now finds that said defendant, George Bahre, is in contempt of this Court. That as and for his contempt he be imprisoned in the Johnson County, Indiana, jail until said sum of $17,-403.50 is paid in full and the Clerk of this Court is ordered and directed to issue to the Sheriff of Johnson County, Indiana, a certified copy of this order which will be sufficient authority for the execution of the same."

Appellant's Motion For New Trial contained four (4) specifications, reading as follows, to-wit:

"1. The finding and decision of the court is not sustained by sufficient evidence.

"2. The finding and decision of the court is contrary to law.

"3. For error of law in that the finding and decision is predicated upon a final judgment as declared by the Supreme Court of Indiana for a money judgment for attorney's fees and expenses which is collectable only by execution.

"4. For misconduct of the plaintiff in that she wilfully attemped to influence the finding and decision of this court by a series of letters directed to her attorneys, to the defendant and to the Judge of this Court, copies of which letters are attached herewith and made a part of this motion and are identified as Exhibits A, B and C." (Exhibits omitted by writer of this opinion).

Appellant's Assignment of Error contains two grounds, viz:

"1. That the Court erred in overruling the appellant's motion for new trial.

"2. That the Court lacked jurisdiction to punish appellant for failure to comply with a final judgment."

A brief resume of the marital and legal entanglement of the parties to this action is necessary to properly evaluate the issues to be here determined. On September 28, 1959, Rosemary Bahre was granted an absolute divorce and was awarded an alimony judgment of $24,400. George Bahre was ordered to support two minor children. On appeal the Appellate Court reversed that judgment insofar as alimony and support were involved. (See *Bahre* v. *Bahre* (1962), 133 Ind. App. 567, 181 N. E. 2d 639.)

After the cause was certified back to the trial court for retrial on the questions of alimony and support, Rosemary filed three petitions in the trial court—one for attorney fees for services rendered on the appeal, one for support for the minor children, and one for preliminary attorney fees for the retrial of the cause. The trial court had a hearing on the petitions and ordered George to pay, *inter alia,* attorney fees and expenses relating to the first appeal. That order was appealed to this Court as an interlocutory order. Rosemary filed a motion to dismiss that appeal alleging, *inter alia,* that the order granting attorney fees and expenses related to the first appeal was a final judgment for a fixed sum of money and that no timely motion for a new trial had been filed from which an appeal could be taken. This Court concurred in her contentions and granted her motion to dismiss the appeal. (See *Bahre* v. *Bahre* (1964), 245 Ind. 522, 198 N. E. 2d 751.)

No question is involved in this appeal as to the retrial on the merits of the award of alimony and support growing out of the original action for divorce, as those issues were determined by the Appellate Court on appeal therefrom. (See *Bahre* v. *Bahre* (1966), 140 Ind. App. 246, 211 N. E. 2d 627.)

The issues in the case at bar were formed by the petition for citation for contempt for failure to comply with the order of court to pay to the clerk of the Johnson Circuit Court the various sums of money to the various attorneys and by the defendant-appellant's answer thereto alleging that the

refusal to discharge a money judgment is not a contempt of court. The petition for citation for contempt, omitting formal parts and signatures, reads as follows:

"Rosemary Bahre, by and through her counsel, Sidney A. Horn, John Rochford, Paul Blackwell and Frank W. Morton, who are petitioners, who first being duly sworn upon their separate oaths, depose and say:

"1. That on or about the 10th day of January, 1963, the said George Bahre, defendant herein, was ordered by this Court to pay on or before February 1, 1963, as follows:

" 'that defendant herein pay to the Clerk of this Court attorneys' fees for plaintiff's attorneys as follows: Sidney Horn, attorney's fees in the sum of $3,125.00 plus expenses laid out by said Sidney Horn in the perfection of the appeal of this court to the Appellate Court of the State of Indiana, the sum of $3,200.00 totalling the sum of $6,325.00. Attorney's fee on appeal of this cause to John Rochford in the sum of $2,750.00. To Paul Blackwell attorney's fee on appeal in the sum of $750.00. To Frank Morton, attorney's fee in the sum of $7,500.00, plus expenses of said Frank Morton in the sum of $78.50 on appeal, said attorneys' fees and expenses totalling the sum of $17,403.50.'

"2. That subsequent to said order the defendant has failed and neglected to comply with said order and that nothing has been paid thereon and that there is now due and owing the total sum of $17,403.50 under said orders to each as follows:

| Sidney A. Horn | $6,325.00 |
| John Rochford | 2,750.00 |
| Paul Blackwell | 750.00 |
| Frank W. Morton | 7,578.50 |

"WHEREFORE, petitioners ask the Court that the said George Bahre be cited to show cause, if any he have, why he should not be punished for contempt of Court for failure to comply with the orders of this Court as above outlined, and that he be ordered to pay reasonable additional attorneys fees for the prosecution of this citation."

The appellant's answer, omitting formal parts and signatures, reads as follows:

"George Bahre, for answer to the Petition For Citation For Failure To Comply with The Order of Court filed herein on August 13, 1964, respectfully shows to the Court:

"1. That on the 10th day of January, 1963, this Court did make an entry after a hearing on three petitions which were:

"(a) Petition for order for payment of expenses, suit money and attorney fees for post trial procedures and appellate review.

"(b) Petition for support of two minor children pendente lite, new trial and for lump sum award for adequate support from September 28, 1959, to date.

"(c) Petition for suit money, legal expenses and attorney fees for preparation and new trial of cause.

"which entry read in part as stated as follows:

" 'the defendant herein is ordered to pay to the Clerk of this court attorneys fees for plaintiff's attorneys as follows:

" 'Sidney Horn, attorney's fee in the sum of $3,125.00 plus expenses laid out by said Sidney Horn in the perfection of the appeal of this court to the Appellate Court of the State of Indiana, the sum of $3,200.00, totalling the sum of $6,325.00.

" 'Attorney's fee on appeal of this cause to John Rochford in the sum of $2,750.00. To Paul Blackwell attorney's fee on appeal in the sum of $750.00. To Frank Morton attorney's fees in the sum of $7,500.00, plus expenses of said Frank Morton in the sum of $78.50 on appeal. Said attorneys' fees and expenses totalling the sum of $17,403.50.'

"2. That the above quoted portion of the entry was the entry on the petition for order for payment of expenses, suit money and attorney fees for post trial procedures and appellate review.

"3. That an appeal from this entry was taken directly to the Supreme Court of Indiana under the provisions of Burns' Indiana Statutes Section 4-214 (11) and became Cause No. 30364 on the dockets of said Court.

"4. That on May 27th, 1964, the Supreme Court of Indiana, per Curiam, entered its written opinion reading in part as follows:

" 'Appellee contends that:

" '1. The orders granted on the first two petitions were final judgments for fixed sum of money, and the record shows no motion for trial was filed within the prescribed period from which an appeal may be taken.

" '2. That the order on the third petition—

" 'With these conclusions we are inclined to agree. An examination of the assignment of errors reveals that specifications numbers 1, 2, 3 and 4 refer to items of fees and expenses relating to the first appeal which had been consummated. The items were not payments for services to be rendered pendente lite or in the future, which might be modified under varying circumstances. The court order made appears to be in the form of a final judgment as to those items. . . .'

"5. The Petition For Citation presently before this Court seeks to have the quoted portion of the entry treated as interlocutory orders when at the insistence of the attorneys now seeking to collect the sums set forth in said petition, such entry was held not to be an order *but as to these sums it was held to be a final judgment.*

"6. Refusal to discharge a money judgment is not contempt of court and cannot be punished as a contempt of court. Denny v. State (1932), 203 Ind. 682, 182 N. E. 313.

"WHEREFORE, defendant, George Bahre, prays the Court that he be adjudged free from the contempt of court charged in said Petition For Citation, and for all other proper relief."

The question to be answered in the case at bar is of grave importance to all parties, including the bench and bar of the State, but it has already been answered by a previous decision of this Court. We held in the previous appeal, *Bahre v. Bahre* (1964), 245 Ind. 522, 198 N. E. 2d 751, that the order for attorney fees and expenses related to the first appeal was a final judgment. That became the law of the case; therefore, we, as well as the litigants, are bound thereby. *Egbert v. Egbert* (1956), 235 Ind. 405, 132 N. E. 2d 910.

The contempt citation was predicated on the erroneous assumption that a judgment for attorney fees, obtained after the decree of divorce was issued, reversed in part on appeal, could be used to coerce payment of the money judgment. Generally, money judgments are enforced by execution. Various other collateral or auxiliary remedies

are available for the enforcement of money judgments, but contempt of court is not one of those remedies. *Marsh* v. *Marsh* (1904), 162 Ind. 210, 70 N. E. 154; I. L. E., Judgment § 501 and I. L. E., Contempt § 7.

The judgment of the trial court is reversed and the cause remanded with instructions to sustain appellant's Motion For a New Trial on Judgment of Court of December 29, 1964, Finding Defendant Guilty of Contempt of Court.

Judgment Reversed.

Hunter, C. J., and Mote, J., concur.

Arterburn, J., concurs with opinion.

Lewis, J., not participating.

### Concurring Opinion

Arterburn, J.—I concur in the majority opinion, with certain reservations. First, I think the term "final judgment" as used in the cases of *Haag* v. *Haag* (1959), 240 Ind. 291, 163 N. E. 2d 243; *Cirtin* v. *Cirtin* (1928), 199 Ind. 737, 164 N. E. 493; and *Bahre* v. *Bahre* (1964), 245 Ind. 522, 198 N. E. 2d 751, does not necessarily have an application as broad as the majority opinion seems to indicate. Those cases construed the term "final judgment" as used in Burns' Ind. Stat. Anno. § 2-3201 [1946 Repl.] and as distinguished from an interlocutory order for the purpose of appeal only. The context within which that term is used is that procedural statute does not necessarily force a like meaning under other circumstances.

I likewise feel that no implication should be drawn from the majority opinion that a trial court is impotent in its ability to force the payment of attorney fees in order that a party may have an adequate and fair representation in a divorce case and on appeal. *Crowe* v. *Crowe* (1965), 247 Ind. 51, 211 N. E. 2d 164.

It appears here that the appellant has given bond pending the appeal to pay the costs and "final judgment" involving the sums that are also the subject of this contempt citation

in this case, and thus it might be said that the appellee has not been deprived of adequately paid counsel, which was necessary by reason of the appeal brought by the opposing party.

If the majority opinion is to be interpreted as leaving the court without power to assure the adequate payment of the expenses of litigation, including that of appeal, such as transcripts and attorney fees once the appeal is determined, it will leave a party helpless unless the court insists that final payments be made *pending the litigation.* The majority opinion, therefore, will probably induce trial courts, in order to see that parties are fairly represented in divorce cases, to insist that full payment of all attorney fees and court costs incidental to the litigation on behalf of the party lacking funds (normally the wife) be paid practically *instanter* and pending the litigation and before the case is finally determined.

NOTE.—Reported in 230 N. E. 2d 411.