STATE EX REL. ROBERTS *v.* MORGAN CIRCUIT COURT AND JOHN E. SEDWICK, SPECIAL JUDGE.

[No. 31,101. Filed January 12, 1968. Rehearing denied February 23, 1968.]

*Ferdinand Samper,* of Indianapolis, for relator.

*Frank W. Morton,* and *Morton, Tumbove & Rogers,* of Indianapolis, for respondents.

PER CURIAM.—This matter arose by way of a petition for a writ of prohibition requested to be issued against the Morgan Circuit Court prohibiting the respondents from taking any action for citation for contempt in the matter of George L. Roberts v. Aileen Roberts, Cause No. C66-C37 in the Morgan Circuit Court. Heretofore, on April 29, 1966, the defendant Aileen Roberts was granted an absolute divorce from the relator George L. Roberts and a judgment for divorce and alimony was entered on said date. By the terms of said judgment and agreement incorporated therein the relator was required to pay the defendant Aileen Roberts who had been granted her divorce on her cross-complaint the sum of $6,-000.00 payable at the rate of $100.00 per month, and as further alimony payments the relator was required to pay thirty-six successive monthly mortgage payments commencing May 1966, on realty, the title of which was given to the defendant Aileen Roberts. As further alimony, he was ordered to pay certain indebtedness of the parties listed in the decree and agreement incorporated in the decree. On October 17, 1966, defendant Aileen Roberts filed her petition for citation for contempt alleging that he had failed to pay the above named creditors and that he had failed to make the above mentioned mortgage payments. Respondents issued an order to the relator to appear on November 5, 1966, to show cause why he should not be punished for contempt of court. On November 14, 1966, a motion to quash was made by the relator and pointed out to the court that the court had no jurisdiction to entertain such petition. On January 6, 1967, after oral argument, the relator's motion to quash the citation for contempt of court was overruled. On January 13, 1967, an order was issued for the relator to appear on January 28, 1967, to show cause why he should not be punished for contempt in failing to make the alimony payments.

The relator has based his entire argument on the case of *Marsh* v. *Marsh* (1904), 162 Ind. 210, 70 N. E. 154. In this case, over fifty years ago, on March 1, 1902, the Wells Circuit

Court in a decree of divorce had ordered the husband to pay $4.00 weekly for support of his wife until the further order of the court. The court held that judgment for alimony is not enforceable by contempt proceedings.

In an article in the Indiana Law Journal, 29 Ind. L.J. 461 entitled Alimony in Indiana: Traditional Concepts v. Benefits to Society, the *Marsh* case *supra* was cited to the effect that it is consistently ruled that alimony must take the form of a money judgment. The article further indicated that under the Acts 1949, as amended, the power of the court to determine the form and the method of payments was expanded. See Burns' Ind. Stat. § 3-1218, 1946 Repl. (1966 Supp.) [Acts 1873, ch. 43, § 22, p. 107; 1949, ch. 120, § 3, p. 310] which reads as follows:

"The court shall fix the amount of alimony and shall enter a judgment for such sum, and specify the character and method of payment, which in his discretion he deems to be just and proper under all of the evidence, including any valid separation agreement which may have been introduced into evidence. In determining the character of the payments of the alimony the court may require it to be paid in money, other property, or both, and may order the transfer of property as between the parties, whether real, personal or mixed and whether title at the time of trial is held by the parties jointly or by one of them individually. In determining the method of the payment of the alimony the court may require that it be paid in gross or in periodic payments, either equal or unequal, and if to be paid in periodic payments the court may further provide for their discontinuance or reduction upon the death or remarriage of the wife, and, in his discretion, the court may further provide for such security, bond, or other guarantee as shall be satisfactory to the court for the purpose of securing the obligation to make such periodic payments. Said judgment shall be a lien upon the real estate and chattels real of the spouse liable therefor to the extent that it is payable immediately but shall not be such a lien to the extent that it is payable in the future unless and to the extent such decree so provides expressly. Such amount as shall be awarded, regardless of the character or method of its payment shall be in complete discharge of all the husband's obligation to the wife, but not to his minor children, arising out of the

marital or family relationship. In his discretion the court may make such judgment without relief from valuation or appraisement laws. Such judgments as contemplated by this section shall not be assignable and any purported assignment of such a judgment or any portion thereof shall be wholly invalid and unenforceable. Any property, real, personal or mixed, owned as joint tenants or as tenants by the entireties by the parties to the divorce action which shall not be expressly included in and covered by the decree of divorce shall, upon the rendition of such decree, vest in such parties equally as tenants in common."

It is to be noted that under this statute the court may now require that payments be made in either money or property; may order the transfer of realty or personalty between the parties whether the title thereto is held jointly or individually. In addition, the statute provides that payment may be decreed in a gross sum or periodic payments, and, if periodic payments are granted, the court may order their discontinuance or reduction on the death or remarriage of the wife.

In addition, it is the declared public policy of this state to favor separation agreements which have been entered into between husband and wife without fraud, duress or undue influence. In an action for a divorce filed by either party the court may incorporate the provisions of such an agreement into the decree of divorce. See Burns' § 3-1219 (a) [Acts 1873, ch. 43, § 20½, as added by 1949, ch. 120, § 2, p. 310]. In this respect we believe Burns' §§ 3-1218, 3-1219 (a) the Acts of 1949 *supra* hereinabove mentioned has modified the holding of the case of *Marsh* v. *Marsh supra*.

In the case before this court, under the terms of the agreement the parties agreed to comply with the obligations imposed upon them. The wife received certain real estate and personal property as did the husband; the husband specifically consented to the order of the court and to pay to his wife and to hold his wife free and harmless from the payment of thirty-six mortgage payments; the husband also agreed to pay certain specific debts, setting forth the creditors names and

amounts. The parties submitted themselves to the continuous jurisdiction of the court for the enforcement of the payment of these certain marital obligations.

The court may retain continued jurisdiction after final judgment as they are permitted to retain by the judgment itself. See *State ex rel. Rosenbarger* v. *Marion Circuit Court* (1958), 239 Ind. 132, 155 N. E. 2d 125.

If the court did not effectively exercise its equitable power of civil contempt, the power of the court would be emasculated.

Relator will have an adequate remedy at law available to him by way of appeal from the adverse finding, order or judgment the lower court may make upon the hearing on the rule to show cause.

The writ of prohibition is, therefore, denied.

Jackson, J., concurs in result.

NOTE.—Reported in 232 N. E. 2d 871.