STATE OF INDIANA EX REL. BERNARD ROBERT SCHUTZ *v.* MARION SUPERIOR COURT, ROOM No. 7, AND THE HONORABLE CHARLES W. APPLEGATE, JUDGE.

[No. 1073S216. Filed February 19, 1974.]

*Forrest Bowman, Jr., Martz, Bowman & Kammen,* of Indianapolis, for relator.

*Thomas D. Mantel,* of Indianapolis, for respondents.

GIVAN, J.—Relator has petitioned this Court for writ of prohibition to prohibit respondents' enforcement of a contempt

citation in proceeding captioned Bernard Robert Schutz v. Eveline Schutz, Cause No. S768 1176. A stipulation of facts in this case reveals the following:

On July 1, 1969, the relator, Bernard Robert Schutz, and Eveline Schutz were granted an absolute divorce. The decree incorporated a written separation agreement between the parties which reads, in part, as follows:

"3. The husband shall pay to the wife the sum of $475.00 per month commencing on the 1st day of August 1969, for a period of 121 consecutive months, and shall thereafter pay the sum of $360.00 per month commencing on the first day of the first month after the expiration of the 121-month period hereinabove mentioned, for an additional period of 121 months. The aforesaid alimony payments shall terminate upon the death or [sic] of the said Eveline Schutz.

"4. As and for security for the payment of the aforesaid alimony provision, the wife shall receive as her separate property that certain policy of life insurance on the life of Bernard Robert Schutz issued by the Allstate Insurance Company, being Policy Number 70315802, and she shall be the irrevocable beneficiary thereof. The husband agrees to make premium payments on the said policy as they become due. The parties further agree that the said Eveline Schutz shall continue to be the beneficiary of the National Services Life Insurance policy on the Life of Bernard Robert Schutz, and that the said Bernard Robert Schutz will continue to make the premium payments thereon when due."

On July 30, 1973, Eveline Schutz filed a petition for a contempt citation against the relator alleging that the relator had made no alimony payments for the months of February, March or April of 1973, and that he had made payments of only $75.00 per month in the months of May, June and July of 1973.

The respondent judge issued an order for relator to appear on September 4, 1973, to show cause why he should not be punished for contempt.

On September 6, 1973, relator filed a motion to quash the order to appear which motion was denied.

Following a hearing on the matter, the respondent court

found relator to be delinquent in his alimony payments in the amount of $3,660.00 and found the relator in contempt of court.

Upon application by the relator to this Court a temporary writ of prohibition was granted on October 29, 1973.

Respondent has filed no return to the petition nor to the temporary writ.

It has long been the law in Indiana that contempt is not a proper means of enforcing an alimony judgment. *Marsh* v. *Marsh* (1904), 162 Ind. 210, 70 N. E. 154; see also *Bahre* v. *Bahre* (1967), 248 Ind. 656, 230 N. E. 2d 411, 11 Ind. Dec. 520. However, there seems to have been some misunderstanding over this issue since the decision in *State ex rel. Roberts* v. *Morgan Circuit Court* (1968), 249 Ind. 649, 232 N. E. 2d 871, 12 Ind. Dc. 476. See Note, *Indiana's Alimony Confusion,* 45 Ind. L. J. 595 (1970).

In *Roberts* the Court referred to *Marsh* and pointed out that *Marsh* had been decided under the Acts of 1873, Ch. 43, § 22, p. 107, Burns Ind. Ann. Stat., 1946 Repl. § 3-1218. This Court went on to observe that in 1949 the statute was amended to allow alimony to take the form of a judgment for a sum to be paid in money, other property or both. In addition, the Court may order the transfer of property as between the parties. See IC 31-1-12-17, Burns Ind. Ann. Stat., 1968 Repl., § 3-1218.

In the *Roberts* case the Court did not purport to pass upon the question of enforcement of the payment of a sum of money for alimony by contempt proceedings. The facts in that case were that George Roberts had been ordered to pay Aileen Roberts $6,000.00 in alimony payable in payments of $100.00 per month and, as further alimony payments, he was required to pay thirty-six successive monthly mortgage payments commencing in May, 1966, and, as further alimony, he was ordered to pay certain indebtedness of the parties listed in the decree by agreement of the parties. Subsequent to this divorce and judgment, Aileen Roberts filed a petition for citation for

contempt alleging that George Roberts had failed to pay the named creditors and had failed to make the mortgage payments provided in the decree. There was no issue concerning any deficiency of the $100.00 per month payments on a $6,000.00 alimony judgment. After first pointing out the rule in the *Marsh* case, *supra,* this Court pointed out the 1949 amendment to the statute permitting the judgment requiring the debt and mortgage payments. The Court then observed that such required action on the part of George Roberts could be enforced by contempt citation and that the parties had submitted themselves to the continuous jurisdiction of the court for the enforcement of those stated obligations. To the extent that *Roberts, supra,* might be construed to hold that the payment of a specific sum of money provided in an alimony judgment may be enforced by contempt proceedings, it is hereby overruled.

Such is not the situation in the case at bar. The principle of law set forth in the *Marsh* case, *supra,* is still the law in Indiana today. A specific sum of money provided in an alimony judgment is a judgment debt. The Constitution of Indiana, Article 1, § 22, provides:

"* * * There shall be no imprisonment for debt, except in case of fraud."

To allow a court to enforce the payment of a money judgment would violate this provision of the Indiana Constitution.

For the above reasons the temporary writ heretofore issued is now made permanent.

DeBruler, Hunter and Prentice, JJ., concur; Arterburn, C.J., dissents with opinion.

## DISSENTING OPINION

ARTERBURN, C.J.,—I dissent to the majority opinion in this case holding in substance that the Court can not enforce alimony payments by contempt action following a divorce. I think it is time we look the question squarely in the face and recognized the change in our society as well as in the statute.

*Marsh* v. *Marsh* (1904), 162 Ind. 210, 70 N. E. 154, was a case decided under a prior statute which clearly stated that all that could be rendered at the time of a divorce was a judgment in a lump sum in alimony. The *Marsh* case stated that it was not concerned with "alimony of the common law" under which alimony would be made payable in installments and the obligation of the husband to pay ceased upon the wife's death or remarriage. That distinction was plainly made in that case as a basis for that decision under the 1873 statute which has now been changed exactly in those particulars under the more recent act. See IC 1971, 31-1-12-17, Burns Ind. Ann. Stat., § 3-1218 (Code Edition). This 1949 Act provides for payments of alimony in installments and provides for a discontinuance in case of death or of remarriage of the wife. In other words, it has all the characteristics of support, the same as those with reference to children of the marriage. When a basis for a decision ceases to exist, we should not blindly follow such a decision as I think the majority opinion does in this case. *State ex rel. Roberts* v. *Morgan Circuit Court*, (1968) 249 Ind. 649, 232 N. E. 2d 871, is the more enlightened rule. It provides that the alimony payments on installments may be enforced by contempt action.

I fail to follow what I believe is a distinction without a difference in the majority opinion which says that the *Roberts* case holds only that the Court can enforce by contempt action the payments of installments on a mortgage or a debt by the husband when it is part of the alimony judgment against the husband. I see no difference in compelling, by contempt action, a husband to pay installments on a mortgage on a home given to the wife than in compelling him to pay the future installments on a money judgment, as in the case before us, which was part of the agreed property settlement of the parties.

It is difficult for me to understand why a court, acknowledging it has the power to force a husband to support the children of a marriage, has no power to force a husband to support the former spouse in hardship cases where a divorced wife

has not been at fault, is in ill health, or is of an age where she can not support herself and is abandoned by her husband who has no visible property which can be levied. If a judgment is rendered, the court should have a right to compel payments, if the husband is capable of making the payments, out of his salary or out of his retirement or pension and to do it by contempt action. I think there is public policy involved in an attempt to protect those involved in a marriage who are not at fault. I can see no historical or rational basis for the distinction attempted to be made in the majority opinion.

NOTE.—Reported in 307 N. E. 2d 53.