STATE OF INDIANA EX REL. PRITAM SINGH SHAUNKI *v.* J. PATRICK ENDSLEY, JUDGE AND THE MARION CIRCUIT COURT.

[No. 177S1. Filed May 4, 1977.]

*Ronald E. Elberger, Bose, McKinney & Evans,* of Indianapolis, for petitioner.

*Edward F. Kelly,* of Indianapolis, for respondent.

PRENTICE, J.—This matter is before us upon the return of the Respondent to the Writ of Mandate and Prohibition issued herein on January 3, 1977, and the Motion for Correction and Addition thereto filed by Respondent on January 11, 1977.

Said motion is now granted; the caption of said Writ is now corrected to designate Pritam Singh Shaunki as "Relator;" and the following phrase is added to said Writ following the words "Marion Circuit Court," in the fifth line thereof:

"and upon consideration of the Respondent's answer in opposition to the Relator's verified petition for writ of mandate and prohibition and of Respondent's brief and affidavit in support thereof,".

The aforesaid writ, as amended, directed (1) the Respondent to vacate the order of December 17, in cause No. C 75-1531 in the Marion Circuit Court which ordered Pritam Singh Shaunki confined to the Marion County Jail for non-payment of an alimony judgment; (2) to refrain from enforcing said order and (3) to show cause on or before January 12, 1977, why said judgment of contempt and order of confinement should not be vacated and this writ made permanent and absolute.

The temporary writ was issued upon the petition of the Relator, following a finding against him by the Respondent that the Relator was guilty of contempt of court for failure to pay the judgment theretofore rendered in the dissolution of the marriage of the Relator and his wife and an order confining him to the Marion County Jail for such contempt. The pertinent part of the alimony judgment was as follows:

"11. That the petitioner is entitled to a $35,000.00 judgment in lieu of property division pursuant to 31-1-11.5-11.

"12. That execution on said judgment shall be withheld pending payment of weekly installments of $60.00."

The issue before us, as stated by the Respondent, is whether payment of a judgment awarded in lieu of property division and payable in weekly installments, is enforceable by contempt proceedings.

It was established in *Marsh* v. *Marsh,* (1904) 162 Ind. 210, 70 N.E. 154, that an alimony judgment which takes the form of a simple money judgment is not enforceable through contempt proceedings in view of Article I, Section 22 of the Constitution of Indiana proscribing imprisonment for debt. Subsequent cases, notably *State*

*ex rel. Roberts* v. *Morgan Circuit Court,* (1968) 249 Ind. 649, 232 N.E.2d 871, may have cast some doubt as to the continuance of this position by this Court. If so, however, our position was made clear in *State ex rel. Schutz* v. *Marion Superior Court,* (1974) 261 Ind. 535, 307 N.E.2d 53. In that case we applied the rule from *Marsh, supra,* notwithstanding that the alimony judgment was payable in monthly installments over a substantial period of time, and we specifically overruled *Roberts, supra,* to the extent that it "might be construed to hold that the payment of a specific sum of money provided in an alimony judgment may be enforced by contempt proceedings."

Respondent urges that the following quoted portion of the dissolution of marriage act, enacted subsequent to our decision in *State ex rel. Schutz* explicitly provides for the use of contempt proceedings "as a means of forcing a recalcitrant and contumacious former husband, such as the Relator Shaunki, to comply with the terms and conditions of the court's decree." We disagree. Ind. Code (1971) 31-1-11.5-17(a) provides in part "* * * terms of the decree may be enforced by all remedies available for enforcement of a judgment *including but not limited to contempt. * * *.*" (Emphasis ours).

We do not see the statute as authorizing enforcement of an alimony judgment by contempt. Rather, we view the quoted portion of the statute as merely recognizing the court's inherent authority to enforce its lawful orders by contempt proceedings. Unquestionably there are some aspects of a divorce or marriage dissolution decree that properly may be the subject of a court order, but the payment of a sum of money, whether in a lump sum or in installments, as an incident of settling the property rights of the parties, is not among them. We hold that the Respondent may not enforce its money judgment against the Relator by contempt proceedings; and the temporary writ of mandate and prohibition hereinbefore issued on January 3, 1977, as hereinabove amended, is now made permanent and absolute.

Givan, C.J. and Hunter, J., concur; Arterburn, J., dissents with statement; DeBruler, J., dissents with opinion.

## DISSENTING STATEMENT

ARTERBURN, J.—I dissent on the basis of my dissenting opinion in *State ex rel. Schutz* v. *Marion Superior Court,* (1974) 261 Ind. 535, 307 N.E.2d 53.

## DISSENTING OPINION

DEBRULER, J.—This petition for writ of mandate and prohibition brings here for review a judgment and order of confinement for indirect contempt of court by which the trial court sought to enforce a provision of an earlier final dissolution of marriage decree requiring petitioner to pay his former wife $35,000 in installments. The petition presents the issue of whether that part of the order placing petitioner in confinement is contrary to the guarantee of Article I, Section 22, of the Indiana Constitution, that there shall be no imprisonment for debt. I do not ascribe to the majority view that this order of confinement falls within the proscription of that constitutional provision and therefore dissent. The order requiring appellant to pay his former wife this sum was in lieu of requiring petitioner to sell his business and pay her $35,000 from the proceeds of such sale. As such it was the full legal equivalent of an order requiring petitioner to deliver existing property having a value of $35,000 to his former wife as a division of property, and as such it is enforcible by exercise of the court's contempt powers. *State ex rel. Schutz* v. *Marion Superior Court, Room No. 7,* (1974) 261 Ind. 535, 307 N.E.2d 53.

The temporary writ should be dissolved.

Arterburn, J., concurs.

NOTE.—Reported at 362 N.E.2d 153.