**Donald C. NEAL, Respondent–Appellant,**

v.

**Patricia J. NEAL, Petitioner–Appellee.**

**No. 1–680A154.**

Court of Appeals of Indiana,
First District.

Nov. 24, 1980.

B. Michael McCormick, McCormick, Weber & Boswell, Terre Haute, for respondent–appellant.

Harold A. Harrell, Bunger, Harrell & Robertson, Bloomington, for petitioner–appellee.

RATLIFF, Judge.

### STATEMENT OF THE CASE

Donald C. Neal appeals a judgment entered on the petition of Patricia J. Neal for indirect contempt of court wherein the trial court found Donald to be $2,750.00 in arrears in payment of weekly payments required by an alimony judgment, entered judgment against him in that amount, increased the weekly payments by $25.00 per week to pay arrearage accruing after January 24, 1980, provided that Donald should pay the $2,750.00 when he became financially able to do so, determined such judgment not be dischargeable in bankruptcy, found Donald not to be in contempt of court, and ordered him to pay $200.00 attorney's fees for Patricia's attorneys.

We reverse and remand with instructions.

### STATEMENT OF FACTS

The marriage of Donald and Patricia was dissolved by decree of the Monroe Superior Court No. 1 entered June 1, 1974. The decree of dissolution incorporated a separation agreement between the parties containing, *inter alia*, the following provision:

"There shall be an alimony judgment in favor of Wife in the total amount of One Hundred Thirty–three Thousand Nine Hundred Dollars to be paid by Husband to Wife as follows:

(a) One Hundred Seventy–five Dollars per week for the first fifty–two weeks and after the granting of the marriage dissolution.

(b) One Hundred Fifty Dollars per week for the second fifty–two weeks from and after the granting of a decree of dissolution.

(c) One Hundred Twenty–five Dollars per week for the next Nine Hundred Thirty–six weeks from and after the decree of dissolution."

On October 7, 1976, Donald filed a petition to modify the decree asking that the weekly alimony payments be reduced because of the reduction of his income. This petition was denied by the court on November 22, 1976. Thereafter, on October 31, 1979, Patricia filed an "affidavit for indirect contempt of court" alleging failure of Donald to make the scheduled payments, asking that Donald be required to show cause why he should not be punished for contempt. A rule to show cause was issued. Donald responded with a petition to stay asserting his voluntary petition in bankruptcy and that the alimony judgment had been scheduled as a debt in the bankruptcy proceedings. Also, Donald filed a motion to dismiss challenging the propriety of contempt proceedings to enforce an alimony judgment. Without ruling on the motion to dismiss, the court heard Patricia's contempt petition and entered the aforesaid judgment.

## STATEMENT OF THE ISSUES

Donald raises the following issues for our consideration in this appeal:

1. Whether or not the trial court erred, as a matter of law, in entertaining an affidavit for contempt of court to enforce the collection of a money judgment for alimony.

2. Whether or not the trial court erred, as a matter of law, in making a judicial determination that a judgment entered by the trial court on June 1, 1974, was not dischargeable in bankruptcy.

3. Whether or not the trial court erred, as a matter of law, by awarding attorney fees to appellee's counsel after concluding that appellant was not in contempt of court.

4. Whether of not a judgment entered as a part of a contempt proceeding is void or voidable when the respondent is not found to be in contempt of court and said judgment is duplicitous.

Because we reverse on the first issue, we need not deal with issues two, three, and four.

## DISCUSSION AND DECISION

*Issue One*

It is clearly established in this state that contempt proceedings may not be used to enforce collection of an alimony judgment. *State ex rel. Shaunki v. Endsley,* (1977) 266 Ind. 267, 362 N.E.2d 153; *State ex rel. Schutz v. Marion Superior Court, Room No. 7,* (1974) 261 Ind. 535, 307 N.E.2d 53; *Marsh v. Marsh,* (1904) 162 Ind. 210, 70 N.E. 154; *Linton v. Linton,* (1975) 166 Ind.App. 409, 336 N.E.2d 687.[1]

In *Shaunki, supra,* it was contended that Ind.Code 31–1–11.5–17(a) providing in part that the "terms of the decree may be enforced by all remedies available for enforcement of a judgment including but not limited to contempt," permitted the use of contempt proceedings to collect an alimony judgment. In response to this contention, Justice Prentice, writing for our Supreme Court, stated:

"We do not see the statute as authorizing enforcement of an alimony judgment by contempt. Rather, we view the quoted portion of the statute as merely recognizing the court's inherent authority to enforce its lawful orders by contempt

---

1. The rationale of these cases is that to permit the use of contempt proceedings for the enforcement of money judgments would violate

Article 1, Section 22 of the Indiana Constitution which prohibits imprisonment for debt.

proceedings. Unquestionably there are some aspects of a divorce or marriage dissolution decree that properly may be the subject of a court order, but the payment of a sum of money, whether in a lump sum or in installments, as an incident of settling the property rights of the parties, is not among them. We hold that the Respondent may not enforce its money judgment against the Relator by contempt proceedings; . . ."

266 Ind. at 269, 362 N.E.2d at 154.

It is clear that the judgment sought to be enforced by the proceedings in this case was a money judgment. It is also clear that the method employed by Patricia for enforcement of the judgment was a contempt proceeding. As our Supreme Court said in *Bahre v. Bahre*, (1967) 248 Ind. 656, 661–62, 230 N.E.2d 411, 415: "Generally, money judgments are enforced by execution. Various other collateral or auxiliary remedies are available for the enforcement of money judgments, but contempt of court is not one of those remedies. (Citations omitted.)"

This case is squarely within the rule announced in the cases which we have cited. Contempt proceedings were not an appropriate remedy to enforce payment of the unpaid installments on the alimony judgment, and the trial court was without authority to employ such contempt proceedings for the purpose of enforcement of the judgment. Donald's motion to dismiss the contempt proceeding should have been sustained. Therefore, we reverse the judgment below and direct the trial court to grant Donald's motion to dismiss.

Judgment reversed and remanded for further proceedings as directed by this opinion.

ROBERTSON, P. J., and NEAL, J., concur.