STATE of Indiana on the Relation of
Charles E. EGGER, Relator,

v.

The MARION COUNTY SUPERIOR COURT, CIVIL DIVISION, ROOM NO. 7, and The Honorable Molly P. Rucker as Special Judge Thereof, Respondents.

No. 1081S288.

Supreme Court of Indiana.

June 3, 1982.

Charles E. Egger, pro se.

David L. Byers, Indianapolis, for respondents.

## ORIGINAL ACTION

PRENTICE, Justice.

Relator, proceeding *pro se*, seeks to invoke the original jurisdiction of this Court to expunge a contempt citation issued by Respondent, Special Judge Rucker, concerning In Re the Marriage of Karen Elizabeth Egger, Wife, and Charles Edward Egger, Husband, Marion Superior Court, Civil Division, Room No. 7, Cause No. S 779–0135.

On August 4, 1980 Respondent entered a Decree of Dissolution of Marriage in the above cause, which ordered Relator, Charles Edward Egger, within ninety (90) days of the decree to pay $3,200.00 in attorney's fees to Max L. McCausland, who represented the former Mrs. Egger. On December 15, 1980 Attorney McCausland filed an affidavit for contempt citation because Relator had not paid the attorney's fees. Relator moved to dismiss the contempt citation on January 5, 1981, which motion Respondent overruled on March 5, 1981. The matter was continued until May 20, 1981 when a hearing was held and an order was entered. The record does not contain this order; however, in its order of September 4, 1981, which is the subject of this original action, Respondent noted the following:

"2. That thereafter on December 15, 1980 counsel filed his affidavit for contempt citation and this matter was set for hearing on the 23rd day of December 1980 and thereafter continued until January 5, 1981 and has subsequently continued until its last hearing before this Court on May 20, 1981, at which time the Court found the Respondent to be in contempt of the Court and ordered him to obtain employment and render to the Court a resume of his income, outgo and places of employment which he had interviewed at and the results obtained prior to the present hearing before this Court."

Prior to making the order of September 4, 1981, Respondent held a hearing in which Relator furnished information about his attempts to obtain employment and his income and expenditures since the order of May 20, 1981. The record does not contain any indication of what this information was; however, after examining the information, Respondent found as follows in its order of September 4, 1981:

"THE COURT NOW FINDS that the Respondent continues in contempt of this Court and that he has not made a good faith attempt at compliance with the orders of this Court. That he should be required to obtain employment of some type forthwith and that he should provide weekly resumes to the Petitioner's counsel, Max L. McCausland, 130 East Washington Street, Indianapolis, Indiana 46204 of all attempts to obtain employment, the place at which an employment interview was conducted, the person talked to and the results obtained when fruitful or not and that if in the opinion of the counsel for the Petitioner, the Respondent is not making a good faith attempt to obtain employment, counsel for the Petitioner shall have the right to request the Court to advance the compliance hearing hereinafter set by the Court.

"THE COURT FURTHER FINDS that the Respondent should be sentenced to the Marion County Jail on weekends from 6:00 p. m. on Friday until 6:00 a. m. on Monday morning but that said order

should be stayed for a period of approximately thirty days to give the Respondent a period of time in which to obtain employment and commence payment to counsel for Petitioner herein of the sum previously ordered by this Court."

Relator contends that he has been held in contempt for failure to pay court ordered attorney's fees, and thus, Respondent, contrary to the constitutional proscription against imprisonment for a debt, has imprisoned him for failure to pay a debt in the form of a money judgment for attorney's fees. In *Bahre v. Bahre*, (1967) 248 Ind. 656, 230 N.E.2d 411 we held that the remedy of contempt may not be used to enforce an award of attorney's fees made pursuant to a dissolution of marriage decree. Based upon the record before us, we need not consider the applicability of *Bahre* or other decisions, which treat the use of the trial court's contempt power to enforce a payment provision of a dissolution decree other than an award of attorney's fees, to the case at bar. *State ex rel. Shaunki v. Endsley*, (1977) 266 Ind. 267, 362 N.E.2d 153; *State ex rel. Schutz v. Marion Superior Court*, (1974) 261 Ind. 535, 307 N.E.2d 53; *State ex rel. Roberts v. Morgan Circuit Court*, (1968) 249 Ind. 649, 232 N.E.2d 871; *Neal v. Neal*, (1980) Ind.App., 412 N.E.2d 319; *Marburger v. Marburger*, (1978) Ind. App., 372 N.E.2d 1250; *Linton v. Linton*, (1975) 166 Ind.App. 409, 336 N.E.2d 687; *Wellington v. Wellington*, (1973) 158 Ind. App. 649, 304 N.E.2d 347.

The findings in Respondent's order of September 4, 1981 disclose that Respondent found Relator in contempt for failure to obey the order of May 20, 1981 and not for failure to pay the attorney's fees awarded by the decree of August 4, 1980. The May 20, 1981 order required Relator to furnish information regarding his efforts to move toward a financial position where he would be able to pay the court ordered attorney's fees. In its order of September 4, 1981 Respondent apparently found that the information Relator presented did not comply with the order of May 20, 1981. Thus Relator has been imprisoned not for his failure to pay a debt but rather for his failure to furnish information pursuant to a lawful order of the Respondent.

The Writ is denied.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.