**In re the Marriage of Michael W. PETTIT, Appellant–Respondent,**

v.

**Donna K. PETTIT, Appellee–Petitioner.**

**No. 02A03–9206–CV–185.**

Court of Appeals of Indiana,
Third District.

April 28, 1993.

Rehearing Denied June 16, 1993.

Joseph Christoff, Christoff & Christoff, Fort Wayne, for appellant-respondent.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellee-petitioner.

HOFFMAN, Judge.

Appellant-respondent Michael W. Pettit appeals from a judgment dismissing his motion to modify child support payments.

On January 5, 1983, the trial court entered a decree dissolving the marriage of Donna and Michael Pettit. Pursuant to the decree Michael was ordered to pay child support in the amount of $20.00 per week for the parties' three minor children.

On October 14, 1987, Donna filed a petition to modify support. After a hearing, the trial court found that Michael was employed at Zollner Corporation at a net income of $404.00 per week and issued an order on November 19, 1987, modifying his support obligation to $160.00 per week. The court also ordered Michael to pay $40.00 per week on the arrearage that had accumulated. Subsequently, Michael was laid off from Zollner for a five month period; hence, he filed a motion for an interim support order. Four months after being recalled to Zollner, Michael was involuntarily terminated from Zollner due to his excessive absenteeism. Michael was then hired by Kreider Manufacturing, Inc. at a substantially lower rate of pay. On August 17, 1990, Michael filed a petition to modify support based on the lower rate of pay he was receiving at Kreider as a substantial change in circumstances. On September 19, 1990, Michael's employment at Kreider ceased.

After a hearing on all pending motions, the trial court issued an order on October 16, 1990. The order found that Michael was discharged from Zollner "due to his own conduct" and denied Michael's motion for interim order; thus, Michael's support obligation remained at $160.00 per week. The trial court also found that Michael was now in arrears on support payments in the amount of $14,366.00 and again ordered him to pay the support arrearage at a rate of $40.00 per week. On November 9, 1990, Michael filed a motion to correct error which was never heard or ruled upon by the trial court.[1]

On June 6, 1991, Michael filed a petition to modify alleging a substantial and continuing change in circumstances in that his earnings had significantly decreased. Donna filed a motion to dismiss the petition to modify, contending that the issue of support modification was *res judicata* by the prior October 16 order. On November 14, 1991, after a hearing on both the petition to modify and the motion to dismiss, the trial court granted Donna's motion to dismiss; ordered Michael to pay support arrearages in the amount of $3,027.44; and ordered him to pay Donna's attorney's fees. Donna then filed a motion to correct error contending that the November 14 order contained an error in calculation and that the trial court had failed to state a date by which Michael must pay the arrearage. Thereafter, the court corrected its prior order. Michael's support arrearage was found to be $17,513.44. Michael was also ordered to pay forthwith and found to be in contempt of court for nonpayment of child support. Michael now appeals.

This Court consolidates the issues as follows:

(1) whether the trial court erred in granting Donna's motion to dismiss the petition to modify Michael's support obligation, without a hearing on whether there had been a substantial and continuing change in circumstances since the October 16 order; and

---

1. We note that Ind.Trial Rule 53.3 provides: "In the event a court fails for forty-five (45) days to set a Motion to Correct Error for hearing, ... the pending Motion to Correct Error shall be deemed denied. Any appeal shall be initiated by filing the praecipe under Appellate Rule 2(A) within thirty (30) days after the Motion to Correct Error is deemed denied."

(2) whether the trial court committed reversible error in holding Michael in contempt of court.

■ Michael contends that the trial court erred in concluding that the October 16 order precluded the court's consideration as to whether there had been a substantial change in circumstances justifying support modification. Donna, represented by the State of Indiana, counters that the October 17, 1990 order is *res judicata. Res judicata* does not apply. Michael recognizes that the October 16 order previously determined that he lost his job at Zollner "due to his own conduct." This determination, however, does not preclude Michael's claim that since the October 16 order, there have been changed circumstances so substantial and continuing as to make the terms of the prior October 16 order unreasonable.

■ The trial court improperly granted the motion to dismiss Michael's petition to modify his support obligation. The issue of modification is subject to the continuing jurisdiction of the trial court. *See Giselbach v. Giselbach* (1985), Ind.App., 481 N.E.2d 131, 133; *see also* IND.CODE § 31–1–11.5–17 (1992 Supp.).

Inquiry into changed circumstances for the purpose of support modification is ongoing in nature; therefore, a prior hearing cannot bar evidence of subsequent substantial and continuing changes in circumstances. The trial court's refusal to hear evidence of substantial and continuing changes was error. Any contention that Michael's support obligation shall be based upon potential income, until he can show that something has occurred that would no longer allow him to work at Zollner, is untenable. The question before the trial court is no longer whether Michael is voluntarily unemployed; it is whether he is underemployed. Michael is entitled to a hearing on this issue.

■ Michael also asks that we find that his offer of proof provided us with evidence of a substantial and continuing change of circumstances. However, our role as a reviewing court does not allow us to make such a determination. Modification of a child support order, pursuant to IND. CODE § 31–1–11.5–17, involves a factual determination that substantial and continuing changed circumstances render existing terms of the prior child support order unreasonable. *Giselbach,* 481 N.E.2d at 133. This type of factual determination is left to the discretion of the trial judge after a hearing on the petition to modify the prior child support order. *Id.*

■ Michael further contends that the trial court abused its discretion in holding him in contempt of court for nonpayment of the support arrearage. Donna is a participant in the Title IV–D program of the Federal Social Security Act 42 U.S.C. § 652 *et seq.* administered by the State of Indiana. As such, Donna is required to assign the right to collect support payments to the State. An assignment of a support obligation is no longer enforceable by contempt as it constitutes an amount owed to the State by the delinquent parent and, thus, becomes enforceable as any other money judgment. Money judgments are generally enforced by execution. *Bahre v. Bahre* (1967), 248 Ind. 656, 661–662, 230 N.E.2d 411, 415. Although various other collateral and auxiliary remedies are available to enforce money judgments, contempt is not one of them. *Id.*

■ Furthermore, failure of a parent to pay child support will not place the parent in contempt if he or she does not have money to pay and is unable to secure it. *Esteb v. Enright by State* (1990), Ind.App., 563 N.E.2d 139, 141. It is for the trial court to determine if the failure to comply with child support payments was willful. *Holman v. Holman* (1985), Ind.App., 472 N.E.2d 1279, 1284. The trial court's decision will be reversed if there is no evidence to support its conclusion.

■ There was no evidence that Michael was able to pay the ordered child support or that his failure to comply was willful. Michael made less money than he was required to pay in combined child support and arrearage payments. At the November 14, 1991 hearing, Michael testified that he knew there was a support arrearage; however, he did not know how much he owed. Also, Michael testified that he

and his present wife were unable to obtain a loan from the bank, because they did not have substantial income and would probably have to borrow the money from his parents. *Id.* Requiring a delinquent parent to borrow the money to pay support arrearages is questionable at best. Additionally, the court initially determined that Michael owed $3,027.44 in arrearages; however, that amount was later found to be $17,513.44, and the prior order was corrected. At the very least, Michael was entitled to a hearing to determine whether his nonpayment of this much larger sum of money was a willful violation.

Reversed and remanded for a hearing.

SHARPNACK, C.J., and GARRARD, J., concur.