## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jun 04 2015, 9:27 am
CLERK
of the supreme court,
court of appeals and
tax court

### ATTORNEY FOR APPELLANT

Donald J. Smith
Stark & Smith, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Control Building Services, Inc., <br> *Appellant-Defendant,* <br><br> v. <br><br> Simon Services, Inc., d/b/a Simon Business Network, <br> *Appellee-Plaintiff.* | June 4, 2015 <br><br> Court of Appeals Case No. 49A04-1412-PL-547 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable James B. Osborn, Judge <br><br> Cause No. 49D14-0807-PL-33720 |

**Najam, Judge.**

## Statement of the Case

[1] Control Building Services, Inc. ("Control") was found in contempt of a trial court order, which mandated that Control comply with a settlement agreement entered into with Simon Services, Inc., d/b/a Simon Business Network ("Simon"), and assessed Control a $10,000 per diem sanction for every day that

Control remained in contempt. Control now appeals and presents two issues for our review. However, *sua sponte*, we address one dispositive issue, namely, whether the trial court erred when it used its contempt power to enforce an obligation to pay a money judgment.

We reverse.

## Facts and Procedural History

Following a protracted lawsuit, which began in 2008, Control and Simon entered into a settlement agreement ("the agreement") on May 28, 2013. Under the terms of the agreement, Control agreed to pay Simon a total amount of $850,000, made payable in three installments.[1] Control agreed that the first installment, which was the largest at $300,000, would be immediately due, and the last two installments—each of $275,000—would be due on January 1, 2014, and June 30, 2014, respectively. In the event that Control paid the first installment to Simon, Simon agreed to dismiss the underlying lawsuit with prejudice within ninety days. However, if Control failed to pay an installment, Simon was entitled to recover an award of the attorney's fees it incurred as a result of such failure.

Control did not pay the first installment, and, on June 27, 2013, Simon moved to enforce the agreement. After a hearing on July 29, the trial court ordered

---

[1] Ed Turen, the principal owner of Control, personally guaranteed payment of the second and third installments.

Control to pay the first installment on or before August 12, and, on its own initiative, the court stated that, if Control failed to do so, "the Court will find Control . . . in contempt of this order and will sanction Control . . . $10,000.00 a day for every day from and including August 13, 2013[,] until and including the date payment is made." Appellant's App. at 2. Control paid the first installment before August 13, and Simon dismissed the case with prejudice on December 23.

[5] Control also paid its second installment on January 1, 2014, but it did not pay the final installment on or before June 30. Thus, on August 5, Simon moved to set aside the dismissal of the underlying lawsuit and, for the second time, to enforce the settlement agreement. After a hearing, the trial court reinstated the lawsuit on September 26, and, after a subsequent hearing on October 31, the court ordered Control to pay the final installment within ten days of the order. Again on its own accord, the court stated that Control would be "fined $10,000.00 a day for every day after [November 10, 2014,] until full amount is paid." Appellant's App. at 54. Ultimately, following a review hearing on December 1, the trial court assessed a $10,407.80[2] fine against Control, which was "in addition to the $275,000 plus applicable pre-judgment interest, already owed by [Control] to [Simon] under the settlement agreement and the Court's previous Orders." Appellant's App. at 28. This appeal ensued.

---

[2] Control did not supply the trial court's December 1 order in its Appendix, so we do not know how the court arrived at the $10,407.80 figure stated in the Chronological Case Summary.

# Discussion and Decision

[6] At the outset, we note that Simon does not file an appellee's brief, and, as we have stated:

> [w]hen an appellee has not filed an answer brief, we need not undertake the burden of developing an argument on the appellee's behalf. Rather, we may reverse the trial court if the appellant presents a case of *prima facie* error. *Prima facie* error means error at first sight, on first appearance, or on the face of it. If an appellant does not meet this burden, we will affirm.

*In re Paternity of M.F.*, 956 N.E.2d 1157, 1162-63 (Ind. Ct. App. 2011) (internal citations omitted). With this standard in mind, we turn to the merits of Control's appeal.

[7] Control first contends that the trial court violated the due process requirements of Indiana's indirect contempt of court statute, *see* Ind. Code § 34-47-3-5, when it found Control in contempt of its October 31 order. Second, and in the alternative, Control argues that, even if the trial court's finding of contempt was proper, the $10,000 per diem fine constitutes punitive damages, which are impermissible in the context of civil contempt.

[8] But we need not address Control's arguments because it is well-settled Indiana law that "all forms of contempt are generally unavailable to enforce an obligation to pay money." *Cowart v. White*, 711 N.E.2d 253, 531 (Ind. 1999) (*citing Pettit v. Pettit*, 626 N.E.2d 444, 447 (Ind. 1993); *Marsh v. Marsh*, 162 Ind. 210, 70 N.E. 154, 155 (1904)), *clarified on reh'g*, 716 N.E.2d 401. While Control

does not argue that contempt is not an available sanction, an appellate court may address an issue of sufficient importance *sua sponte*. *See, e.g.*, *Bufkin v. State*, 700 N.E.2d 1147, 1152 n.5 (Ind. 1998). We believe that the dispositive issue is whether the trial court erred when it used its contempt power to enforce collection of a money judgment. We hold that it did.

[9] "Civil contempt is the failing to do something that a court in a civil action has ordered to be done for the benefit of an opposing party." *Flash v. Holtsclaw*, 789 N.E.2d 955, 958 (Ind. Ct. App. 2003). "[A] determination of whether a party is in contempt of court is a matter committed to the trial court's sound discretion[,] and we will reverse a trial court's decision in that regard only for an abuse of discretion." *Kicken v. Kicken*, 798 N.E.2d 529, 533 (Ind. Ct. App. 2003). "An abuse of discretion occurs when the decision is against the logic and effect of the facts and circumstances before the court or is contrary to law." *Id.* And, as stated, it is contrary to law for a court to use its contempt power to enforce the collection of a money judgment. *See, e.g.*, *Cowart*, 711 N.E.2d at 531.

[10] A money judgment is "any order that requires the payment of a sum of money and states the specific amount due, whether labeled as a mandate or a civil money judgment." *Hilliard v. Jacobs*, 916 N.E.2d 689, 694 (Ind. Ct. App. 2009) (emphasis removed), *trans. denied*. "The key to a money judgment is the statement of an amount due. A money judgment must be certain and definite. It must name the amount due." *United Farm Bureau Mut. Ins. Co. v. Ira*, 577 N.E.2d 588, 593 (Ind. Ct. App. 1991), *trans. denied*.

[11] Here, the trial court's Order Granting Second Motion to Enforce Settlement Agreement "ORDERED" that "Control . . . shall, within ten days of the date of this Order, pay to Plaintiff the sum of $275,000, as required under the terms of the Settlement Agreement." Appellant's App. at 54. If Control failed to do so, the court further stated that "[Control will] be fined $10,000.00 a day for every day after [November 10, 2014,] until full amount is paid." *Id.* The trial court's order, therefore, mandated that Control pay a specific and definite sum of money to Simon, which is "the practical equivalent of a civil money judgment." *Hilliard*, 916 N.E.2d at 694 (quoting *Wininger v. Purdue Univ.*, 666 N.E.2d 455, 458 (Ind. Ct. App. 1999), *trans. denied*).

[12] Thus, the trial court abused its discretion when it found Control in contempt and when it imposed the $10,000 per diem fine because the court's exercise of its contempt power was contrary to well-established Indiana law. As a result, we reverse the $10,407.80 fine assessed by the trial court to Control on December 1, 2014.

[13] Reversed.

Baker, J., and Friedlander, J., concur.